OPINION
{¶ 1} Plaintiff-appellant the State of Ohio appeals the decision of the Belmont County Court, Eastern Division, which granted defendant-appellee's motion to dismiss on speedy trial grounds. The issue is whether the statutory try-by time was exceeded. For the following reasons, the judgment of the trial court is hereby affirmed.
 STATEMENT OF FACTS {¶ 2} Appellee was arrested on February 9, 2006 for misdemeanor child endangering. He was arraigned in the Eastern Division of the Belmont County Court. The court set bail at $1,000 per charge and required an address for release on bail. Appellee could not post bond so he remained in jail.
 {¶ 3} At appellee's March 2, 2006 pretrial, the court set the case for a March 23 trial date and reduced the bond to recognizance only. The court noted that appellee was also being held on a $2,500 bond from the Western Division County Court so even though the Eastern Division reduced its bond to recognizance, he would not get out until he posts the $2,500 bond. The court also noted that they would need an address before he was released. However, the court's entry filed that day did not reflect that a recognizance bond was entered. Rather, it merely stated that appellee was to provide an address before he was released.
 {¶ 4} On March 8, 2006, the court filed an entry correcting its March 2 entry to reflect that appellee could be released on recognizance and that he must provide a current address before being released. According to arguments presented at the speedy trial hearing, appellee was released on March 8. But, he was jailed again that same day because he provided the address of a residence where he was not welcome.
 {¶ 5} On March 9, 2006, appellee filed a motion to suppress. This motion was heard on March 30, 2006, at which time the trial court granted the suppression motion. In the meantime, appellee had been released from jail on March 21, 2006.
 {¶ 6} Just prior to the April 20, 2006 trial, appellee filed an oral motion to dismiss on speedy trial grounds. He claimed that he was not released from jail because he could not provide an address as required by the court's conditional recognizance bond. Thus, he urged that the time spent in jail between the recognizance bond and the suppression motion should be counted against the state as triple time.
 {¶ 7} The trial court agreed and granted his motion to dismiss that same day. The state filed timely notice of appeal.
 ASSIGNMENT OF ERROR {¶ 8} The state's sole assignment of error contends:
 {¶ 9} "THE TRIAL COURT IMPROPERLY COMPUTED SPEEDY TRIAL, AS THE DATE OF APRIL 20, 2006 WAS WELL WITHIN THE LIMITS SET BY OHIO REVISED CODE SECTION 2945.71."
 {¶ 10} In a short brief, the state urges that the date of appellee's trial was the ninetieth day. Two issues are apparent. First, the state notes that the date of arrest does not count. In support, the state cites Crim.R. 45(A), which provides that the day of the act from which the period of time shall begin to run is not included in the count. Second, the state calculates that only six days passed between March 3 (the day after the court reduced the bond to recognizance) and March 8 (the day before time tolled on the suppression motion), thus applying single time rather than triple time.
 LAW AND ANALYSIS {¶ 11} Appellee was charged with first degree misdemeanor child endangering. See R.C. 2919.22(A), (E)(1), (2)(a). A person charged with a first degree misdemeanor must be brought to trial within ninety days after the person's arrest or the service of summons. R.C. 2945.71(B)(2). Each day the defendant is held in jail in lieu of bail is counted as triple time. R.C. 2945.71(E).
 {¶ 12} However, the day of arrest does not count against the speedy trial time. State v. Turner, 7th Dist. No. 93CA91,2004-Ohio-1545, ¶ 23. As the state points out, Crim.R. 45(A) provides:
 {¶ 13} "In computing any period of time prescribed or allowed by these rules, by the local rules of any court, by order of court, or by any applicable statute, the date of the act or event from which the designated period of time begins to run shall not be included."
 {¶ 14} Furthermore, R.C. 1.14 states in pertinent part that "[t]he time within which an act is required by law to be done shall be computed by excluding the first and including the last day * * *." Thus, the day of arrest is excluded from the count.Turner, 7th Dist No. 93CA91. See, also, State v. Jones
(1997), 119 Ohio App.3d 59, 64, fn. 7 (where the Eleventh District excluded the day of arrest in computing time, including triple time); State v. Lautenslager (1996),112 Ohio App.3d 108, 110 (where the Third District denied the defendant's request to count the day of arrest for triple or single time); State v.Steiner (1991), 71 Ohio App.3d 249, 250-251 (where the Eighth District found that triple time did not apply to the day of arrest because such day was excluded). Hence, we begin counting triple time from February 10, the day after appellee's arrest.
 {¶ 15} Moreover, the day a person is released on bond is counted as a day in jail for triple time purposes. State v.Madden, 10th Dist. No. 04AP-1228, 2005-Ohio-4281, ¶ 31; Statev. Brown, 11th Dist. No. 2003-A-92, 2005-Ohio-2879, ¶ 22, citingJones, 119 Ohio App.3d at 64. Thus, the state calculates that from February 10 through the recognizance bond granted on March 2, twenty-one days passed at triple time for a total of sixty-three days. The state adds six days for March 3 through March 8, the propriety of which will be discussed below.
 {¶ 16} Then, it is uncontested that the time was tolled from the March 9 suppression motion through the March 30 hearing and decision on suppression. See R.C. 2945.71(E); State v. Santini
(2001), 144 Ohio App.3d 396, 405 (7th Dist.). Lastly, the state adds the final twenty-one days from March 31 until April 20, for a grand total of exactly ninety days. The issue thus becomes whether the court correctly found that the six days between the March 2 oral granting of a recognizance bond and the March 9 suppression motion count as triple time.
 {¶ 17} As the defendant seeking dismissal, appellee had the initial burden to present a prima facie case that the speedy trial time had expired, which includes alleging which days qualified for triple time. See, generally, State v. Butcher
(1986), 27 Ohio St.3d 28, 31. The burden then shifted to the state to show any periods of tolled time or to rebut allegations of triple time. See id.
 {¶ 18} Appellee met his burden of establishing that ninety days passed from the day of his arrest. He specifically informed the trial court that he was incarcerated on these charges during the period of March 3 through March 8 due to the jail's belief that the court's March 2 entry did not grant him a recognizance bond. The jail only had before it the March 2 entry and was unaware of the court's orally stated intent. In any event, the court speaks only through its journal entries, not mere oral pronouncements. See, e.g., State ex rel. Indus. Comm. v. Day
(1940), 136 Ohio St. 477, syllabus ¶ 1.
 {¶ 19} Since the March 2 entry did not mention a recognizance bond, its requirement of a current address suggested a mere supplementation of the conditions of the previously imposed bond of $1,000 per charge. In recognition of this problem, the trial court filed a corrected entry on March 8, which explicitly reduced appellee's bond to recognizance with a condition of a current address. Thus, recognizance was not officially granted until March 8, 2006. Under such circumstances, the trial court could certainly find that appellee met his burden of establishing a prima facie case.
 {¶ 20} As for the state's reciprocal burden, we note that the state did not make any arguments below that appellant was held in jail due to other charges rather than due to the ambiguous March 2 entry. To the contrary, the state only expressed belief that appellee had been released from jail on March 2 and then returned on March 8 due to his failure to reside at the address provided. In support of this belief, the state provided no documentation, and the prosecutor's statement on such matters is not evidence. See, e.g., State v. Brown, 7th Dist. No. 03MA32,2005-Ohio-2939, ¶ 29 (discounting the prosecutor's mere statements regarding a parole holder, but finding defense counsel acknowledged the existence of the holder). Notably, the state does not specifically argue any of these substantive issues on appeal. Rather, the state merely notes that a recognizance bond was orally entered on March 2 and then ends its triple time calculation that day.
 {¶ 21} The trial court found the state's belief that appellee was released on March 2 was incorrect. If the state wished to do further factual research on the matter of release dates and why or if appellee stayed in jail in order to meet its burden before the trial court, the state had several options available to it: (1) it could have asked that appellee file a written motion so the state could prepare an informed response; (2) it could have requested that the matter be continued and set for a future hearing; and (3) it could have requested some time for a short recess for the state to collect and present documented arguments. Instead, the state allowed the matter to be heard with only a moment's notice by way of an oral motion just prior to trial.
 {¶ 22} Moreover, even with a recognizance bond, appellee stated that he could not be released due to the lack of an address, which the court added as a condition of release. Considering the lacking March 2 entry and the trial court's acknowledgment by filing a corrected March 8 entry, it is reasonable to find appellee' recitation of the facts regarding the dates and reasons for his incarceration more accurate. The trial court could reasonably find that the state failed to meet its burden to contest appellee's dismissal motion.
 {¶ 23} The disputed six days could properly be found to represent time spent in jail in lieu of bail on the current charges and thus subject to triple time. When those six days are counted as triple time rather than single time, the total count rises to one hundred two days. This surpasses the ninety-day speedy trial time.
 {¶ 24} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Donofrio, P.J., concurs.
Waite, J., concurs.