OPINION *Page 2 
{¶ 1} Plaintiff-appellant State of Ohio appeals the decision of the Columbiana County Common Pleas Court dismissing the case against defendant-appellee Tommy Hart for speedy trial violations. The issue in this appeal is whether the trial court erred in finding that Hart's speedy trial rights were violated. For the reasons stated below, the case is reversed and remanded to the trial court to determine whether any of the 97 days it took defense counsel to respond to the state's request for discovery should be tolled against Hart.
 STATEMENT OF FACTS {¶ 2} On November 27, 2005, Hart was arrested and charged with burglary. A preliminary hearing was scheduled for December 1, 2005. On that date, Hart waived his right to a preliminary hearing. He was given a recognizance bond; however, he did not sign the bond.
 {¶ 3} An indictment was issued against Hart on January 27, 2006. Four counts were alleged in the indictment. The first count alleged that Hart burglarized a home in violation of R.C. 2911.12(A)(2), a second degree felony. The second count charged Hart with receiving stolen property, a violation of R.C. 2913.51(A), a fourth degree felony. The third count alleged that Hart violated a protection order in violation of R.C.2919.27(A)(1), a first degree misdemeanor. The fourth count alleged aggravated menacing, a violation of R.C. 2903.21, a first degree misdemeanor.
 {¶ 4} On February 16, 2006, Hart was arraigned and he entered a not guilty plea. The next day, he executed the recognizance bond. On February 22, 2006, Hart requested discovery and a bill of particulars. The state complied with the request on March 10, 2006. That same day, the state requested discovery. Hart answered that request on June 15, 2006.
 {¶ 5} In mid-March, the trial court provided a jury trial date of May 15, 2006. On May 12, 2006, the trial date was changed to August 2, 2006 and an alternative back-up date for August 9, 2006 was also set. On May 18, 2006, Hart's attorney moved to withdraw as counsel. That request was granted the next day and substitute *Page 3 
counsel was appointed. That journal entry indicates that the jury trial was still set for August 2, 2006 or August 9, 2006.
 {¶ 6} The next thing on the record is Hart's motion to dismiss for failing to comply with the speedy trial statutes, which is dated September 12, 2006. On September 19, 2006, the state responded to the motion to dismiss. Without a hearing on September 21, 2006, the trial court denied the motion. The trial court then had a hearing on the motion, and on October 6, 2006 set aside its previous decision and granted the motion to dismiss. The trial court determined that Hart was not brought to trial within the 270 day limit and thus, counts one, three and four had to be dismissed.1 The state timely appeals that decision.[1]
 ASSIGNMENT OF ERROR {¶ 7} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN THE COURT GRANTED APPELLEE'S MOTION TO DISMISS BASED UPON A VIOLATION OF HIS RIGHT TO A SPEEDY TRIAL."
 {¶ 8} This court previously set out our standard of review for speedy-trial issues in State v. High (2001), 143 Ohio App.3d 232. We stated:
 {¶ 9} "Our standard of review of a speedy trial issue is to count the days of delay chargeable to either side and determine whether the case was tried within the time limits set by R.C. 2945.71. Our review of the trial court's decision regarding a motion to dismiss based upon a violation of the speedy trial provisions involves a mixed question of law and fact. Due deference must be given to the trial court's findings of fact if supported by competent, credible evidence. However, we must independently review whether the trial court properly applied the law to the facts of the case. Furthermore, when reviewing the legal issues presented in a speedy trial claim, an appellate court must strictly construe the relevant statutes against the state." (Internal citations omitted.) Id. at 241-242. See, also, State v. Sanchez,110 Ohio St.3d 274, 2006-Ohio-4478, ¶ 8.
 {¶ 10} The state does not set forth a time line explaining tolling dates and starting dates for speedy trial purposes. Instead, the state argues that Hart's attorney withdrew effectively May 10, 2006. The state further asserts that trial was scheduled *Page 4 
for May 15, 2006 and had to be rescheduled due to Hart's attorney's withdrawal on May 10, 2006. According to the state, from May 10, 2006 until the trial date of August 2, 2006 the time was tolled. The state further contends that according to its calculations, Hart had to be tried by November 18, 2006. Thus, in its opinion, the trial court erroneously granted the motion to dismiss.
 {¶ 11} The indictment issued against Hart charged him with two felonies and two misdemeanors. Pursuant to R.C. 2945.71(C)(2) and (D), the time in which the state was required to bring Hart to trial was 270 days. Hart was arrested on November 27, 2005 and was held in jail without bond until December 1, 2005. Nothing in the record suggests that during this time he was being held for any other reason than the pending charges. Accordingly, the triple count provision applies. R.C.2945.71(E). The day of arrest does not count against the speedy trial time. State v. Catlin, 7th Dist. No. 06BE21, 2006-Ohio-6246, ¶ 12, citing State v. Turner, 7th Dist. No. 93CA91, 2004-Ohio-1545, ¶ 23. However, the day a person is released on bond does count as a day in jail for triple time purposes. Catlin, 2006-Ohio-6246, ¶ 15, citingState v. Madden, 10th Dist. No. 04AP-1228, 2005-Ohio4281, ¶ 31. Therefore, from November 27, 2005 until December 1, 2005, 12 days are counted against the 270 day time limit.
 {¶ 12} On December 1, 2005, Hart executed the recognizance bond. As stated above, single count starts on December 2, 2005. On February 22, 2006, Hart filed a motion for discovery and a bill of particulars. A discovery request or motion tolls the running of the speedy trial clock.State v. Brown, 98 Ohio St.3d 121, 2002-Ohio-7040, ¶ 23. However, the delay chargeable to the defendant is only that which is necessitated by the state's response to the discovery request. Id. at ¶ 4; R.C.2945.72(E). The state responded to the request on March 10, 2006. This was a reasonable time period in which to respond.
 {¶ 13} Thus, the speedy trial time ran from December 2, 2005 through February 22, 2006. That is 83 days, which when added to the first 12 equals 95 days. The speedy trial time, then began to run on March 10, 2006, when the state responded to Hart's motion. However, on that same day the state requested discovery from Hart. Hart did not respond to that request until June 15, 2006. *Page 5 
 {¶ 14} This was 97 days after the request was made. The state's request for discovery, typically, does not toll the speedy trial time. However, a defendant's failure to respond within a reasonable time to that request "constitutes neglect that tolls the running of speedy-trial time pursuant to R.C. 2945.72(D)." State v. Palmer, 112 Ohio St.3d 457,2007-Ohio-374, ¶ 24.
 {¶ 15} In the case at hand, it took Hart 97 days to respond to the state's discovery request. Sixty-nine days after the request was made Hart's counsel moved to withdraw. That request was granted and the next day substitute counsel was appointed. Substitute counsel filed the discovery answer 27 days after being appointed. That answer stated that Hart may call some of the witnesses the state had listed in its discovery, and he may or may not choose to testify. He then stated that he may call one other witness, Tari Altenburg. Hart also stated he may introduce some or all of the evidence listed by the state in its discovery and may introduce phone records of a Homer Williams and/or Jenna Jackson for the date in question. If he does introduce those phone records, he indicated that he will need to call a custodian witness to certify those records. He then recognized his continuing duty to disclose discovery evidence.
 {¶ 16} In Palmer, it took the defense 60 days to respond to discovery. In that response, Palmer revealed that he had nothing to disclose and acknowledged his duty under Crim.R. 16(D) to supplement his response should that circumstance change. Id. at ¶ 23. The trial court tolled 30 of those 60 days against Palmer. The appellate court reversed that holding and reversed Palmer's conviction. The Supreme Court reversed the appellate court and reinstated that trial court's holding. It explained that, "a trial court shall determine the date by which the defendant should reasonably have responded to a reciprocal discovery request based on the totality of facts and circumstances of the case, including the time established for response by local rule, if applicable." Id. at ¶ 24.
 {¶ 17} Hart's discovery response was slightly more involved than the response made in Palmer. Yet, it was still only one page consisting of three paragraphs. Furthermore, it is acknowledged that Hart did have counsel that withdrew and substitute counsel was appointed. Regardless, when considering all of that, we find *Page 6 
that some of the time that it took Hart to respond to discovery should be tolled against him. The circumstances of this case and the response given to the discovery request do not render 97 days as a reasonable time period. Thus, some portion of that time should toll the speedy trial time.
 {¶ 18} In accordance with Palmer, we remand the case to the trial court to determine how much of that 97 day time period should be tolled against Hart. We acknowledge that the state did not argue that this time period tolled speedy trial time. However, as stated above, a reviewing court must count the delays chargeable to either side and determine whether speedy trial time had run. Sanchez, 110 Ohio St.3d 274,2006-Ohio-4478, ¶ 8. The law as it stands, in accordance withPalmer, indicates that the defense taking an unreasonable amount of time to respond to discovery is chargeable to the defendant. Consequently, we will consider that time period even though it was not raised.
 {¶ 19} Additionally, it must be clarified that despite the state's insistence, from May 10, 2006 until August 2, 2006 the speedy trial time was not tolled. The state insists that defense counsel withdrew on May 10, 2006 and caused the trial to be rescheduled from its May 12, 2006 date to August 2, 2006.
 {¶ 20} The record clearly refutes such an argument. The motion to withdraw clearly displays a time-stamped date of May 18, 2006. Furthermore, nothing in the record indicates that the motion to withdraw was presented any earlier to the trial court. Moreover, it is clear that the motion to withdraw did not cause the trial date to be rescheduled. The record clearly indicates that the first trial was set for May 12, 2006. However, on May 12, 2006, the trial was reset to August 2, 2006 or August 9, 2006. The motion to withdraw was filed May 18, 2006. As those dates show, Hart's counsel's motion to withdraw did not cause the trial date to be extended; the motion to withdraw was made after the trial date was already moved to the beginning of August. There is no indication in the record as to why the trial date was moved. Thus, that entire amount of time cannot be tolled against Hart.
 {¶ 21} That said, counsel's motion to withdraw filed on May 18, 2006, did constitute a tolling agent. R.C. 2945.72(C). However, that motion only tolled the time for one day because on May 19, 2006, the trial court appointed substitute counsel. *Page 7 
Time begins to run again when substitute counsel is appointed. SeeState v. Hiatt (1997), 120 Ohio App.3d 247, 259-63.
 {¶ 22} Following that date, the next tolling act that is clearly in the record is the September 12, 2006 motion to dismiss. R.C. 2945.72(E). See, also, State v. Broughton (1991), 62 Ohio St.3d 253, 261-262;State v. Stanley, 7th Dist. No. 03MA42, 2004-Ohio-6801, ¶ 10 and 32. We acknowledge that this is different from the trial court's computation of when the speedy trial time was tolled again; the trial court tolled the speedy trial time for five days in August. The trial court's reasoning for doing so was that it was on vacation and that was the reason the trial did not go forward on the August 9, 2006 scheduled date. The trial court noted in its journal entry, "Although it does not appear in the record, on August 9, 2006 the Court was on vacation, having left the country on August 5th and returned on August 12th." 10/06/06 J.E.
 {¶ 23} The trial court's act of tolling the speedy trial time for that period of time was in error. As is acknowledged by the trial court, it did not journalize its sua sponte continuance based on it being on vacation. A sua sponte continuance of this type was required to be journalized prior to the expiration of the speedy trial time period.State v. Mincy (1982), 2 Ohio St.3d 6; State v. Sanders (Dec. 10, 1996), 4th Dist. No. 95CA6. A trial judge going on vacation is a reasonable reason for a continuance and if it had been journalized prior to the determination that the speedy trial time had expired, it would act as a tolling agent. However, as it was not, the trial court should have counted those days towards the speedy trial time.
 {¶ 24} Taking all the above into consideration, on remand the trial court should determine whether the speedy time had run. Without determining the amount of time that should be tolled against Hart for the unreasonable length of time to respond to discovery, based on our calculations Hart's motion to dismiss was filed on day 280. This computation is derived by adding the 95 days that had elapsed prior to the March 10, 2006 request for discovery to the 186 days that elapsed from March 10, 2006 until the September 12, 2006 motion to dismiss. That amounts to 281 days, however, one day must be subtracted based upon the motion to withdraw acting as a tolling agent. Considering those dates, the trial court must determine how many days of the 97 it *Page 8 
took to answer the state's discovery request are chargeable to Hart. The trial court must then determine whether speedy trial time had run.
 {¶ 25} For the foregoing reasons, the judgment of the trial court is reversed and this cause is remanded to the trial court to determine whether any of the 97 days it took defense counsel to respond to the state's request for discovery should be tolled against Hart.
DeGenaro, P.J., concurs. Donofrio, J., concurs.
[1] Count two is not discussed in this appeal. *Page 1