OPINION *Page 2 
{¶ 1} The State of Ohio appeals the decision of the Mahoning County Common Pleas Court finding a speedy trial violation and dismissing the case in favor of defendant-appellee Christopher Williams. The state argues that all but the first fifty-four days of the case were tolled due to various filings. Regardless of whether any other filings tolled the time, the state also contends that appellant tolled the clock as a result of his undue delay in responding to the state's discovery request. For the following reasons, the dismissal order of the trial court is reversed and this case is remanded for further proceedings on the matter of discovery compliance.
 {¶ 2} Since the facts are all dates of filings and the date of each filing presents issues for analysis under the law, we shall forgo a separate statement of the facts in order to avoid unnecessary repetition. Thus, we shall simultaneously analyze the tolling potential of each event as we run through the procession of filings. In doing so, we shall reserve the state's argument regarding undue discovery delay until we have determined whether, in the absence of this discovery issue, the time had in fact run. In other words, the state's discovery argument is only necessary if there were insufficient other tolling events.
 {¶ 3} Because speedy trial is a constitutional right and a mandatory statutory requirement, the speedy trial provisions are strictly construed against the state. State v. Singer (1977), 50 Ohio St.2d 103,109. Pursuant to statute, a person charged with a felony must be brought to trial within two hundred seventy days after the person's arrest. R.C.2945.71(C)(2). However, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. R.C. 2945.71(E).
 {¶ 4} There is no dispute that appellee was held in jail in lieu of bail solely on the pending charge. Thus, triple time applied giving the state ninety days to try appellee from the day after his arrest on December 28, 2006. See, e.g., State v. Catlin, 7th Dist. No. 06BE21,2006-Ohio-6246, ¶ 12-14 (day of arrest does not count *Page 3 
toward speedy trial time). The pretrial and trial were originally set for February 20, 2007 and March 7, 2007, respectively.
 {¶ 5} On February 20, 2007, the pretrial was held, and appellee filed four motions: a motion for detailed notice of the state's intent to use evidence; a request for disclosure of exculpatory and other due process material such as witness convictions and government investigations thereof; a request for a bill of particulars including disclosure of any suspected accomplices; and, a motion for bail modification. The parties seem to agree that fifty-four days counted towards speedy trial time when these motions tolled the clock.
 {¶ 6} This tolling is pursuant to R.C. 2945.72(E), which stops the clock due to any period of delay necessitated by reason of a motion, proceeding or action made or instituted by the defendant. Applying this division, the Supreme Court has held that a defendant's demand for discovery or a bill of particulars is a tolling event. State v.Brown, 98 Ohio St.3d 121, 2002-Ohio-7040, ¶ 2, 22, 26 (time tolled for reasonable time in order for state to respond to the defendant's discovery demand even where the trial date had already been set and was not changed as a result of the demand).
 {¶ 7} On February 22, 2007, the state provided an information packet, gave notice that it intended to use all information in that packet and asked for reciprocal discovery. (As aforementioned, we shall continue our calculation before turning to the arguments regarding reciprocal discovery.) That same day, appellee filed a request for a transcript of the January 5, 2007 preliminary hearing transcript from the Youngstown Municipal Court at state's expense to help prepare for cross-examination at trial. This motion continued the tolling regardless of discovery issues. See R.C. 2945.72(E) (defendant's motion). The court granted the motion the next day, but since the preliminary transcript was not yet filed and was described as necessary by defense counsel, the parties and the trial court agree that time remained tolled until the defense obtained the transcript. During that time, other tolling events occurred as well.
 {¶ 8} For instance, on March 6, 2007, defense counsel disclosed that she was in trial and filed a motion to continue the trial which was to occur the next day. Due to the same trial mentioned in defense counsel's motion, the court rescheduled appellee's trial to March 21, 2007. This further tolled the time. See R.C. 2945.72(H) *Page 4 
(time tolled by the period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion).
 {¶ 9} The March 21, 2007 trial date was rescheduled until April 4, 2007 due to the trial court's jury trial in another case; the court's entry listed the case name and number. The April 4, 2007 trial date was then rescheduled until May 8, 2007 due to the court's jury trial in another case; again, the court's entry listed the case name and number. There is no dispute that these constituted reasonable continuances on motions other than those of the accused and further tolled the time. See R.C. 2945.72(H).
 {¶ 10} On April 5, 2007, appellee filed a motion to suppress the eyewitness identification. This contemporaneously acted as a tolling mechanism. See R.C. 2945.72(E). See, also, State v. Myers,97 Ohio St.3d 335, 2002-Ohio-6658, ¶ 44 (motion to suppress eyewitness identification and motion to suppress all evidence). The May 8, 2007 trial date was thus utilized for holding the suppression hearing. On May 15, 2007, appellee filed a motion for a copy of the suppression hearing transcript at state's expense urging that it was necessary for trial preparation. On May 16, 2007, the court denied the suppression motion. On May 17, 2007, the court sustained the motion for a transcript of the hearing. Once again, the parties and the trial court are in agreement that time remained tolled due to the fact that the defense needed the suppression transcript prior to trial and that preparation of the transcript was pending due to the motion of the defendant.
 {¶ 11} On this topic, two court reporter invoices are in the docket and file. One invoice was filed on June 19, 2007 by the court reporter for the Common Pleas Court for transcription of the suppression hearing. A second invoice was filed on June 26, 2007 by the court reporter for the Municipal Court for transcription of the preliminary hearing. The trial court used this June 26, 2007 event as the date the tolling lifted, and defendant-appellee does not seem to dispute the use of this date. Thus, we shall work under the premise that the speedy trial time started running again on June 27, 2007 with fifty-four days already on the clock. *Page 5 
 {¶ 12} The next filing in the docket after the invoices is an August 2, 2007 entry showing that a July 31, 2007 pretrial was rescheduled to August 13, 2007 due to the court being in a jury trial; the court listed the case name and number. This tolled the time from July 31 through August 13. See R.C. 2945.72(H). However, before proceeding, we must address one of the main problems the trial court faced. That is, the trial court could not account for the time between June 26 and July 31, 2007.
 {¶ 13} The parties seem to agree that a pretrial was somehow scheduled for June 20, 2007. However, there is no entry setting this pretrial date. There is also no entry stating why the June 20, 2007 pretrial was rescheduled to July 31, 2007. It cannot be determined from the record whether a pretrial occurred on June 20 or not.
 {¶ 14} We note, however, that the county's public computer system has an events category generated by the assignment office (different from the docket category generated by the clerk's office as a result of filings). In this events section, there are "notes to the court" dated May 16 speaking of resetting something. There is also a statement that a "pretrial with client" was held on June 20, 2007, lasted a half an hour and was continued by the court.
 {¶ 15} It was apparently a trial court oversight in failing to file an entry setting the June 20, 2007 pretrial and failing to file an entry continuing that pretrial and listing valid reasons for such continuance. Due to this failure, the trial court counted the thirty-five days from June 27, 2007 through July 31, 2007 against the state. Although they did below, the state does not now specifically contest the trial court's decision to construe this time period in appellee's favor (besides their discovery argument to be discussed infra). See State's Brief at p. 8. Thus, we have a total elapsed time so far at eighty-nine days (54 plus 35).
 {¶ 16} As aforestated, the July 31, 2007 pretrial was properly continued in an explanatory judgment entry and thus tolled the time until the August 13, 2007 rescheduled date. We must now determine whether time remained tolled after this pretrial or whether time began to run on August 14, 2007 due to a faulty entry which failed to explain the reason for further continuance. In an August 23, 2007 judgment entry, the court announced merely: *Page 6 
 {¶ 17} "Pretrial had this 13th day of August, 2007. Defendant rejected plea offer extended by State. Case scheduled for jury trial on Sept. 10th, 2007 at 10:00 a.m. with a final pretrial scheduled for Sept. 4, 2007 at 1:30 p.m. It is so ordered."
 {¶ 18} First, we note that the jury trial had not previously been reset after the May 8, 2007 suppression hearing took the place of the jury trial scheduled for that day. In addition, when the July 31, 2007 pretrial was rescheduled, there was no mention of a rescheduled trial date, just a rescheduled pretrial date to August 13, 2007. Then, after the August 13 pretrial, the trial date was finally mentioned in an August 23, 2007 entry.
 {¶ 19} Essentially, the trial court viewed its own August 23, 2007entry as faulty when it dismissed the case. September 10, 2007 may or may not have been the next available trial date, but this situation may not have existed if the court had maintained a posted date for trial all along, such as when it set the June 20 or the July 31 or the August 13 pretrials. In any case, the trial court did not give this or any other reason as to why it waited another month to hold the trial or as to why yet another pretrial was being held. Moreover, the state's response toappellee's dismissal motion encouraged the court to construe this timeperiod in the defense's favor.
 {¶ 20} Due to these factors, we cannot label the continuance reasonable as is required for tolling under R.C. 2945.72(H) (when ruling on a continuance other than upon the defendant's own motion). The trial court's decision on the insufficiency of its entry should be upheld. Consequently, we maintain the trial court's decision to restart the speedy trial clock on August 14, 2007.
 {¶ 21} The state seems to next suggest that appellee's August 22, 2007 notice of alibi tolled the time. However, time would have already hypothetically run out by then since the clock was at eighty-nine days when time began again on August 14, 2007. (We say "hypothetically" because we still have the state's discovery argument to evaluate). Additionally, the only case the state cites in support actually held the opposite. See State v. Clarke (Oct. 11, 2000), 9th Dist. No. 00CA21. Some other cases that mention a notice of alibi do not use it as a tolling event. See, e.g., State v. Pesci (Dec. 20, 2002), 11th Dist. No. 2001-l-026, ¶ 19, 49. *Page 7 
 {¶ 22} Here, appellee's notice of alibi was filed much earlier than the Crim.R. 12.1 deadline of seven days before trial. The notice does not require response by either the court or the state. The state did not seek a continuance on the basis of a need to investigate the alibi, and the court did not continue the trial date based upon the notice of alibi. Finally, the state does not estimate how long time should be tolled for a notice of alibi or cite any case law supporting its statement (and the state's mention of this as a tolling event was merely made in their recitation of the facts). For all of these reasons, the notice of alibi did not toll the time under the circumstances herein. Fifteen days thus elapsed, for a total of one hundred and four days on the speedy trial clock. This is now over the ninety-day threshold. However, we continue the count as the total count becomes relevant upon discussing the discovery matter infra.
 {¶ 23} On August 28, 2007, appellee filed a request to appear in civilian clothing and for an order commanding the deputies to ensure that the jury does not see him in handcuffs or shackles. The court granted this request of September 5, 2007. As discussed further below, defense motions toll the time, for a reasonable time, even if the motions themselves do not cause a rescheduled trial date. SeeBrown, 98 Ohio St.3d 121 at ¶ 2-3, 23 (where discovery request tolled time for seven days even though it did not cause change in the preset trial date); State v. Turner, 7th Dist. No. 93CA91, 2004-Ohio-1545, ¶ 24
(the issue is not whether the motion causes delay of the trial date but whether the motion tolls the time). See, also, State v.Sanchez, 110 Ohio St.3d 274, 2006-Ohio-4478, ¶ 25-26 (holding that state need not show motion in limine diverted state's attention or caused delay of trial date to be entitled to tolling and that time tolled by defendant's motion can be lifted at the point the time taken to rule on the motion becomes unreasonable). Since there is no argument or indication that taking a bit over a week to rule on this motion was unreasonable, the clock was stopped during this time. See R.C.2945.72(E); State v. Driver, 7th Dist. No. 03MA210, 2006-Ohio-494, ¶ 18.
 {¶ 24} On September 5, 2007, before time began running again, appellee filed a motion for a jury view of his residence and of the scene of the robbery. This would toll the time for a reasonable period as the court needed to consider and rule on the *Page 8 
motion. See R.C. 2945.72(E). See, also, Sanchez, 110 Ohio St.3d 274
at ¶ 26 (defense motion tolls time for reasonable period).
 {¶ 25} In any event, that same day, appellee filed the motion to dismiss on speedy trial grounds. The dismissal motion was heard and granted on September 10, 2007, resulting in the within timely state's appeal. The motion to dismiss was certainly a tolling event under R.C.2945.72(E) lasting until the case was dismissed. See, also, State v.Broughton (1991), 62 Ohio St.3d 253, 261-262; State v. Bickerstaff
(1984), 10 Ohio St.3d 62, 67; State v. Martin (1978), 56 Ohio St.2d 289,297.
 {¶ 26} At this point in our analysis, we have one hundred four days on the clock, fourteen days in excess of statutory mandates. Now that we have established this baseline, we turn to the state's alternative argument, which posits that appellee tolled the speedy trial clock by delaying unduly in responding to the state's discovery request. We start by reviewing the pertinent procedural history.
 {¶ 27} On February 20, 2007, appellee asked for a bill of particulars, for disclosure of due process materials and for notice of the state's intent to use evidence. On February 22, 2007, a "request and demand for discovery notice and receipt" was filed. The next item in the docket regarding discovery does not appear until the defense's response to discovery was filed on August 28, 2007. Therein, the defense listed appellee and another person as witnesses, disclosed that they may use all of the documents provided in the state's discovery, and provided cellular telephone records.
 {¶ 28} The state urges that since speedy trial time is tolled by the portion of time the defendant neglects to timely respond to a discovery request, time here was thus tolled for most of the one hundred eighty-seven days between the state's request on February 22, 2007 until the defendant's response on August 28, 2007. This would make the aforementioned unaccounted for time between June 26 and July 31 and the unexplained time between August 13 and August 28 irrelevant. The state relies on the Ohio Supreme Court case of State v. Palmer,112 Ohio St.3d 457, 2007-Ohio-374.
 {¶ 29} In Palmer, the defendant filed a written demand for discovery. The state responded five days later and requested reciprocal discovery. The defendant did not respond to the state's request until sixty days later, and the response merely stated *Page 9 
that the defense would be using the state's witnesses and materials. Later, the defendant alleged his speedy trial rights were violated.
 {¶ 30} The trial court found that thirty of the sixty days that passed before the defendant's response were unreasonable and thus tolled the speedy trial time for thirty days under R.C. 2945.72(D). This section provides that time is tolled for any period of delay occasioned by the neglect or improper act of the defendant. Id. at ¶ 7. With these thirty days attributed to the defendant, the speedy trial time had not yet run. Thus, the defendant's motion to dismiss was denied. The appellate court reversed on the grounds that the state neither filed a motion to compel discovery nor demonstrated prejudice from the defendant's untimely response. Id. at ¶ 9.
 {¶ 31} The Supreme Court disagreed and upheld the trial court's decision. The Court concluded that a defendant who does not respond in a timely fashion to the state's request for reciprocal discovery is responsible for neglect under R.C. 2945.72(D). Id. at ¶ 20, 24. It was further announced that the state need not show prejudice or delay in the trial date and that the state was not required to file a motion to compel to ensure tolling of the speedy trial clock. Id. at ¶ 21-22, 24. Finally, the Court stated that it is up to the trial court to determine the date by which the defendant should have reasonably responded based upon the totality of the facts and circumstances in the case. Id.
 {¶ 32} Based upon this case and others, we can reject defendant-appellee's initial argument that the court cannot attribute delay to him if the record does not show that his act or omission prohibited trial within the speedy trial time. Although older case law has mentioned such a consideration, more recent cases say that the question is whether the defendant's motion or failure to respond tolls the time, not whether the trial date was actually pushed back by the defendant's act or omission. See id. at ¶ 22, citing Sanchez,110 Ohio St.3d 274 at ¶ 25-26 (holding that the state need not show a motion in limine diverted state's attention or caused delay in trial date in order to use the motion as a tolling event and noting that the tolling can be lifted at the point the court's delay in ruling becomes unreasonable). See, also, Brown, 98 Ohio St.3d 121 at ¶ 2-3, 23 (where discovery request tolled time for seven days even though it did not cause change in preset trial date); Turner, 7th Dist. No. 93CA91 *Page 10 
at ¶ 24 (the issue is not whether the motion causes delay of the trial date but whether the motion tolls the time). Thus, a defendant's neglect in responding to discovery does not lose its character as a tolling event merely because other events can be attributed to a delayed trial date. See id.
 {¶ 33} Defendant-appellee next argues that the state did not raise any issues of untimely discovery in their response to appellee's motion to dismiss or at the dismissal hearing and thus waived appellate consideration of the issue. They point out that by never informing the trial court about the purported discovery issue, the trial court was unable to factually evaluate the discovery materials. The state believes that it was irrelevant that they did not raise the issue below sincePalmer held that tolling is not dependent on the state filing a motion to compel.
 {¶ 34} First, we acknowledge that under Palmer, the state need not show prejudice or delay from an untimely discovery response. However, this holding in Palmer and the holding that the state does not waive a tolling argument by failing to file a motion to compel do not support the state's argument against waiver since the Palmer prosecutor had in fact raised the discovery issue at the suppression hearing. Thus, that trial court could conduct its factual inquiry and use its discretion to assign a reasonable time period under the facts and circumstances of that case. Here, the state failed to raise the purported issue with reciprocal discovery before the trial court.
 {¶ 35} Nevertheless, a recent decision of this court on the topic establishes that the state's raising of this discovery tolling issue below is not strictly necessary. State v. Hart, 7th Dist. No. 06CO62,2007-Ohio-3404. In that prosecutor's appeal, the state did not raise as a tolling event the defendant's failure to timely respond to a discovery request. Still, we were compelled to raise the issue sua sponte based upon the fact that our standard of review requires us to count the days chargeable to tolling by conducting a thorough file review. Id. There, the defendant waited ninety-seven days to respond to the state's discovery request. Pointing out that the Palmer Court agreed that thirty days out of a sixty-day delay was unreasonable neglect, we reversed and remanded for the trial court to determine what part of the Hart
defendant's delay was unreasonable. Id. at ¶ 15-17. *Page 11 
 {¶ 36} Although the Supreme Court has previously placed the burden on the state to produce evidence of compliance with the speedy trial statute after the defense sufficiently raises the issue, that case pertained to the state's need to produce evidence existing outside therecord, such as a parole holder. See State v. Butcher (1986),27 Ohio St.3d 28, 31. As noted in our Hart case, a more recent Supreme Court case specified our standard of review as:
 {¶ 37} "Upon review of a speedy-trial issue, a court is required tocount the days of delay chargeable to either side and determine whether the case was tried within applicable time limits [emphasis added]."Hart, 7th Dist. No. 06CO62 at ¶ 18, citing Sanchez, 110 Ohio St.3d 274
at ¶ 8. See, also, State v. McCall, 152 Ohio App.3d 377, 2003-Ohio-1603, ¶ 9
(7th Dist.).
 {¶ 38} Our duty to count the days is thus not affected by whether the state raised certain filings as tolling events. Id. As Hart involved the state failing to raise the discovery issue at trial or on appeal and here the state at least raised it on appeal, we cannot find waiver by the state here for failing to raise the discovery issue below.
 {¶ 39} Appellee's final response to the state's appellate argument urges that the defense has no obligation to provide reciprocal discovery until the state complies with its initial discovery duties. For instance, Crim.R. 16(C) states that if on request or motion, thedefendant obtains discovery, the court shall order the defendant to provide reciprocal discovery to the prosecutor. Appellee concludes that there can be no neglect under R.C. 2945.72(D) for purposes of tolling if the defendant's duty did not yet arise due to the state's original failure to fulfill their discovery duty. The state does not dispute these legal conclusions.
 {¶ 40} Thus, we are left with a factual dispute here as to whether the state complied with its discovery duties in order to trigger the defense's reciprocal duty. Appellee claims that the state failed to provide a bill of particulars, a witness list, or the criminal records of the witnesses until August 13, 2007, making the defense's reciprocal response of August 28, 2007 timely.
 {¶ 41} As for the bill of particulars, we note that a bill of particulars is not part of the state's initial discovery duties. See Crim.R. 16 (not listing bill of particulars in the discovery rule); Crim.R. 7(E) (the rule concerning bill of particulars). Additionally, *Page 12 Palmer mentioned the subject of the state's failure to timely provide a requested bill of particulars. Palmer, 112 Ohio St.3d 457 at ¶ 7, fn.1. The state's failure to timely respond to a request for a bill of particulars merely meant that the defendant's motion for a bill of particulars would not forever remain a tolling event. See id. Since other motions tolled the time between February 20 and February 22, the defense request for a bill of particulars was not a necessary tolling event in this case. Thus, any such failure by the state would not affect the analysis herein.
 {¶ 42} As for the remaining allegations, we cannot determine the veracity of appellee's claims here. Regarding the alleged failure to meet the initial duty to provide a witness list and criminal records, there is nothing in the record indicating that the state did not provide the disputed materials until August 13, 2007. In viewing the docket and pleadings, it appears the state satisfied its discovery duty immediately after it arose. Specifically, the February 22, 2007 filing shows a defense demand, a receipt and the state's claim of compliance with Crim.R. 16 and Mahoning County Loc.Crim.R. 9.
 {¶ 43} Appellee counters that the information packet referred to in the February 22, 2007 filing contained only an indictment and police reports and did not provide a witness list or the criminal records of the defendant and the witnesses. However, the form states police "packet," rather than police reports. As such, it very well could have contained the names and addresses of all witnesses and the relevant criminal records.
 {¶ 44} Under Loc.Crim.R. 9(B), upon execution of the demand and receipt by defense counsel, the state shall give the defense an information packet, which must contain certain items including the names and addresses of all witnesses and the criminal records of the defendant, co-defendants and all witnesses. See State v. Black (Feb. 25, 1999), 7th Dist. No. 95CA7 (Loc.Crim.R. 9(B) is more stringent than Crim.R. 16 as it requires listing all witnesses not just those to be used at trial). Loc.Crim.R. 9(D) then explicitly warns:
 {¶ 45} "Execution of demand and receipt, and acceptance of the information packet by counsel for defendant, automatically obligates the defendant to supply reciprocal discovery as provided in Rule 16, Ohio Rules of Criminal Procedure, forthwith." *Page 13 
 {¶ 46} Thus, appellee's duty was triggered by the February 22, 2007 signing of the demand and receipt and the acceptance of the information packet without reservation. According to the docket, the filings and the pertinent rules, it appears that time was tolled due to a failure to timely respond to the state's discovery request. In Palmer, it was held to be up to the trial court's discretion to determine the amount of the delay that constituted neglect. In Hart, we remanded for the trial court to determine what part of the delay was unreasonable. One could argue that we only need two weeks of the one hundred eighty-seven days of delay to be characterized as unreasonable in order to avoid a speedy trial violation so we should perform this function ourselves. Although this could be done as a matter of law in some cases, where the defense argues that the state did not actually fully comply until August 13, 2007, other factual issues remain.
 {¶ 47} As such, we must reverse and remand. On remand, the trial court shall use its discretion at a new dismissal hearing to judge the facts alleged by the defense herein. In other words, since the state did not raise this issue below, the defense was unable to make this non-compliance with discovery argument before the trial court. For instance, it is possible that the defendant could establish that the information packet really did lack the names and addresses of all witnesses or the relevant criminal records and thus was not a true information packet under Loc.R. 9(B). Although Loc.R. 9(D) provides for an automatic reciprocal defense duty upon accepting the information packet, the trial court could still find that defense delay in responding to a reciprocal request is not unreasonable and did not constitute neglect under R.C. 2945.72(D) if the state's packet was actually lacking in some material respect.
 {¶ 48} For the foregoing reasons, the dismissal order of the trial court is reversed and this case is remanded for a hearing to determine the reasonableness of the defense's delay in responding to the state's discovery request and to determine how much time, if any, constituted tolling neglect.
 DeGenaro, P.J., concurs. Donofrio, J., concurs. *Page 1