[Cite as *State v. Kemper*, 2025-Ohio-4481.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Appellee | : | C.A. No. 2025-CA-10 |
| | : | |
| v. | : | Trial Court Case No. 2024 CRB 2605 |
| | : | (Criminal Appeal from Municipal Court) |
| BRYAN KEMPER | : | **FINAL JUDGMENT ENTRY &** |
| Appellant | : | **OPINION** |
| | : | |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on September 26, 2025, the judgment of the trial court is vacated.

Costs to be paid by appellee.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.


For the court,


_____
MICHAEL L. TUCKER, JUDGE


EPLEY, P.J., and LEWIS, J., concur.

**OPINION**
MIAMI C.A. No. 2025-CA-10

CURT C. HARTMAN and CHRISTOPHER J. GALIARDO, pro hac vice, Attorneys for Appellant
JONATHAN B. FREEMAN, Attorney for Appellee

TUCKER, J.

{¶ 1} Bryan Kemper appeals from his conviction on a misdemeanor trespassing charge. He contends the trial court should have dismissed the charge based on a statutory speedy-trial violation.

{¶ 2} We agree that speedy-trial time expired before Kemper was brought to trial. Accordingly, the trial court's judgment is vacated.

## I. Background

{¶ 3} On November 5, 2024, Kemper received a citation and summons for criminal trespassing, a fourth-degree misdemeanor. The charge arose from him holding a sign on church property on election day. He refused to leave the premises and claimed he could not be trespassed because the church was a voting location open to the public. After Kemper refused to move to a sidewalk, a police sergeant issued the trespassing citation.

{¶ 4} Kemper appeared by himself for his arraignment on November 26, 2024. He engaged in the following exchange with the trial court:

> DEFENDANT KEMPER: The summons that was sent, just in the regular mail, not registered mail, and it was actually altered with white-out to cover the officer's mistake. She wrote the wrong charges on the ticket and instead of updating, they just covered it with white-out. I have a picture of both tickets so I just wanted to challenge the insufficiency of the summons. If it's

still required to enter a plea today, I'll enter the plea of not guilty as long as that's on the record.

TRIAL COURT: Okay, enter a not guilty plea, set the matter for a pretrial conference, release you on your own recognizance. Those are matters that you're going to have to take up with the prosecutor and then it will come before me.

DEFENDANT KEMPER: Yes, Your Honor, I apologize. I just, my lawyer,

TRIAL COURT: No, no, no need for apology,

DEFENDANT KEMPER: (Laughter).

TRIAL COURT: None of that. You just have to step out in the hallway and get your OR bond taken care of.

DEFENDANT KEMPER: Your Honor, may I make a request of any date being after December 20th as my son is graduating from Navy basic training?

TRIAL COURT: Yeah, just make sure,

DEFENDANT KEMPER: Thank you, thank you, Your Honor.

TRIAL COURT: Yeah, thank you.

{¶ 5} Following Kemper's arraignment, the trial court set a pretrial conference for January 2, 2025. The case then proceeded to a bench trial on January 16, 2025. At the outset of that proceeding, Kemper, who appeared pro se, moved to dismiss the charge based on a statutory speedy-trial violation. He noted that he received the complaint and summons on November 5, 2024. He argued that speedy-trial time expired 45 days later on December 20, 2024. Alternatively, he noted that he had been arraigned on November 26, 2024 and that 45 days later was January 10, 2025. Using either his receipt of the complaint

and summons or his arraignment as the speedy-trial starting point, Kemper maintained that the time to try him had expired.

{¶ 6} In response, the State argued only that Kemper had requested a pretrial conference at his arraignment. The State asserted that this request tolled all time until the pretrial conference occurred, resulting in no speedy-trial violation. After hearing the State's explanation, the trial court responded, "That's accurate." Kemper interjected that he had not requested a pretrial conference. He recalled simply pleading not guilty and being told by the trial court that there would be a pretrial conference. The trial court disagreed with Kemper's recollection, and the following exchange occurred:

TRIAL COURT: I heard you, and I heard you, and I knew this was an issue so we did calculate it and we are within the speedy trial time. Because there are certain things that toll the time that stop it, it stops running. When you ask for a pretrial conference, it stops and that's dead time. So when you take all that into consideration, you're still within the speedy trial time.

DEFENDANT KEMPER: May I ask a question, Your Honor?

TRIAL COURT: Sure.

DEFENDANT KEMPER: When did I ask for, I don't remember asking I was just told that that's what would happen when I pled not guilty.

TRIAL COURT: Defendants are always asked if they want a pretrial conference or if they want to,

DEFENDANT KEMPER: I misunderstood. I apologize, Your Honor.

TRIAL COURT: Okay. So your motion is overruled.

{¶ 7} The trial court proceeded to hear evidence and found Kemper guilty of criminal trespassing. It imposed a $25 fine and ordered him to pay court costs. Miami County Municipal Court records reflect that the financial obligation remains unpaid.

## II. Analysis

{¶ 8} Kemper's sole assignment of error states:

**The trial court erred as a matter of law by not dismissing the Defendant's charge based upon a speedy trial violation.**

{¶ 9} Kemper contends the trial court erred in finding speedy-trial time tolled due to a pretrial conference he did not request. Without tolling the time between his arraignment and the pretrial conference, Kemper notes that he established a speedy-trial violation.

{¶ 10} Apparently recognizing that Kemper in fact did not request the pretrial conference, the State pursues a different argument on appeal. It contends his request at the arraignment for "any date" the trial court might set to be "after December 20th" tolled speedy-trial time from the arraignment until his January 16, 2025 trial. In reply, Kemper claims the State cannot invoke his request for a date after December 20th to toll speedy-trial time because it did not raise that issue in the trial court.

{¶ 11} When a court considers a challenge based on an alleged statutory speedy-trial violation, the review initially entails little more than a count of days pursuant to R.C. 2945.71. *State v. Wagner*, 2021-Ohio-1671, ¶ 12 (2d Dist.). "If a defendant 'establishes a prima facie case of a violation of his right to a speedy trial, the burden then shifts to the State' to demonstrate either that the statutory limit was not exceeded, or that the State's time to bring the defendant to trial was properly extended." *Id*., quoting *State v. Nichols*, 2005-Ohio-1771, ¶ 11 (5th Dist.). If the State fails to make such a showing, the prima facie case remains unrebutted, entitling the defendant to discharge. *State v. Butcher*, 27 Ohio

St.3d 28, 31 (1986); *see also State v. Kendall*, 2025-Ohio-10, ¶ 11 (2d Dist.) (recognizing that the defendant must be discharged if the State does not meet its burden to show a tolling event).

{¶ 12} Appellate "[r]eview of a speedy-trial claim involves a mixed question of law and fact. Therefore, we defer to the trial court's factual findings if they are supported by competent, credible evidence, but we review the application of the law to those facts de novo." (Citation omitted.) *State v. Long*, 2020-Ohio-5363, ¶ 15; *accord State v. Knott*, 2024-Ohio-2289, ¶ 15 (2d Dist.). "De novo review requires an 'independent review of the trial court's decision without any deference to the trial court's determination.'" *State v. Clay*, 2016-Ohio-424, ¶ 5 (2d Dist.).

{¶ 13} A defendant charged with a fourth-degree misdemeanor must be tried within 45 days after service of a summons. R.C. 2945.71(B)(1). Kemper received his citation and summons on November 5, 2024. The parties agree that 45 days later was December 20, 2024. Kemper was not tried until January 16, 2025. Therefore, he made a prima facie showing of a speedy-trial violation when he appeared for trial and sought dismissal of the trespassing charge. The burden then shifted to the State to show that no violation occurred. To meet its burden, the State argued only that Kemper had requested a pretrial conference at his arraignment, thereby tolling all time until the pretrial conference. The trial court made a factual finding that Kemper indeed had requested a pretrial conference. It found that the request tolled the time between November 5, 2024, and January 2, 2025, the date of the pretrial conference, and thus concluded that no speedy-trial violation occurred.

{¶ 14} We reject the trial court's factual finding that Kemper requested a pretrial conference because it is contrary to the record. The arraignment transcript reflects that the trial court ordered a pretrial conference sua sponte. "[T]he time between a request and

pretrial conference will be tolled where the record shows that the pretrial was granted at the defendant's own request and there is nothing facially unreasonable about the time taken to provide the pretrial." *State v. Cruea*, 2005-Ohio-4731, ¶ 10 (2d Dist.). Here the time between Kemper's arraignment and the pretrial conference was not tolled because he did not request the conference. Given the State's failure to cite any other tolling event, it did not rebut Kemper's prima facie showing of a speedy-trial violation. That being so, the trial court erred in failing to dismiss the charge.

{¶ 15} We decline to address the State's new argument on appeal that during Kemper's arraignment, he had requested "any date" after December 20th. A basic principle of appellate practice is that "[p]arties may not raise any new issues or legal theories for the first time on appeal that were not raised in the lower court." *Edwards v. Galluzzo*, 2024-Ohio-2005, ¶ 22 (2d Dist.). This applies to the State's attempt to raise a new tolling theory on appeal that it did not mention below. *State v. Michailides*, 2018-Ohio-2399, ¶ 28 (8th Dist.) ("The state argues for the first time on appeal that two events occurred during this time period that tolled the speedy trial time—(1) Michailides's pro se 'motion (to dismiss) for speedy trial' filed on March 28, 2017; and (2) Michailides's request for trial on April 10, 2017. Because these arguments were not made to the trial court for its consideration, they effectively are waived and will not be considered on appeal.").

{¶ 16} As noted above, Kemper's prima facie showing of a speedy-trial violation imposed a burden on the State to establish the existence of one or more tolling events. The State's failure to satisfy its burden meant he was entitled to discharge by the trial court. Permitting the State to raise new tolling events on appeal would violate principles of appellate review and would relieve the State of the burden placed on it in the trial court.

{¶ 17} Contrary to the Eighth District's approach in *Michailides*, which we find to be correct, we recognize that the Fourth, Seventh, and Tenth Districts have allowed the State to raise new tolling arguments on appeal. *See State v. Toler*, 2009-Ohio-6669 (4th Dist.); *State v. Hart*, 2007-Ohio-3404 (7th Dist.); *State v. Pritchard*, 2013-Ohio-1255 (10th Dist.). In *Toler*, the Fourth District opined that it had a duty "to independently review the record and to calculate the speedy trial time" regardless of whether the State raised a particular tolling event in the trial court. *Toler* at ¶ 24. In *Hart*, the Seventh District stated that it was required "to count the delays chargeable to either side and determine whether speedy trial time had run" even if the State did not argue below that a particular time period was tolled. *Hart* at ¶ 18. Finally, in *Pritchard*, the Tenth District remarked that it was required "to review a speedy trial case by independently calculating when the time to bring a defendant to trial expires" regardless of whether the State addressed certain tolling events in the trial court. *Pritchard* at ¶ 12.

{¶ 18} Upon review, we find the foregoing cases to be unpersuasive. In *Toler*, the Fourth District cited case law for the proposition that an appellate court must "independently determine whether the trial court properly applied the law to the facts of the case" when reviewing a speedy-trial challenge. *Toler* at ¶ 15. We agree. We followed that approach in the present case by correcting the trial court's factual mistake regarding the request for a pretrial conference and then independently applying the law to the facts. Nothing cited in *Toler* supports allowing the State to raise new tolling arguments on appeal. For the reasons set forth above, we believe an appellate court's independent calculation of speedy-trial time must be performed in the context of the issues raised below.

{¶ 19} In *Hart*, the Seventh District relied on *State v. Sanchez,* 2006-Ohio-4478, for the proposition that an appellate court "must count the delays chargeable to either side"

regardless of whether the State cited them in the trial court. *Hart* at ¶ 18. In the cited portion of *Sanchez*, the Ohio Supreme Court stated: "Upon review of a speedy-trial issue, a court is required to count the days of delay chargeable to either side." *Sanchez* at ¶ 8. The appeal did not involve the State's ability to raise new tolling events on appeal, and the Ohio Supreme Court did not say counting the days of delay included counting delays that the State did not mention in the trial court. *Sanchez* involved two issues: (1) whether the existence of an ICE detainer precluded application of Ohio's statutory speedy-trial triple-count provision and (2) whether the defendant's motion in limine tolled speedy-trial time. *Id.* at ¶ 1. Notably, the State raised both issues in the trial court. *See State v. Sanchez*, Lucas C.P. No. CR 04-1286, 2004 WL 5388153 (June 11, 2004), reversed by *State v. Sanchez*, 2005-Ohio-2093 (6th Dist.), reversed by *State v. Sanchez*, 2006-Ohio-4478. Once again, we believe a reviewing court must count the days of delay addressed by the parties in the trial court. *Sanchez* says nothing to the contrary.

{¶ 20} Finally, in *Pritchard*, the Tenth District cited *Hart* for the proposition that it must "independently calculate" speedy-trial time without being limited to tolling events raised in the trial court. As noted above, however, we believe the required independent calculation involves applying the law to the facts de novo, i.e., without deference to the trial court's legal analysis. It does not involve relying on new facts—such as potential tolling events not raised below—to rule out a speedy-trial violation. Allowing the State to withhold or omit tolling arguments in the trial court and introduce them on appeal would relieve the State of its obligation below to rebut a defendant's prima-facie showing of a speedy-trial violation. It also would deprive a defendant the opportunity to respond in the trial court.

{¶ 21} For the reasons set forth above, the trial court erred in tolling speedy-trial time based on the incorrect factual finding that Kemper requested a pretrial conference. The State

made no other tolling argument to rebut his prima facie showing of a speedy-trial violation. Therefore, Kemper was entitled to dismissal of the charge against him. Kemper's assignment of error is sustained.

### III. Conclusion

{¶ 22} The judgment of the Miami County Municipal Court is vacated, and Kemper is discharged from any criminal liability.

. . . . . . . . . . . . .

EPLEY, P.J., and LEWIS, J., concur.