[Cite as *State v. Wagner*, 2021-Ohio-1671.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MIAMI COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2020-CA-6 |
| | : | |
| v. | : | Trial Court Case Nos. 2017-CR-525 |
| | : | and 2018-CR-406 |
| GREGORY S. WAGNER | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 14th day of May, 2021.

. . . . . . . . . . .

PAUL M. WATKINS Atty. Reg. No. 0090868, Assistant Prosecuting Attorney, Miami County Prosecutor's Office, 201 West Main Street, Troy, Ohio 45373
    Attorney for Plaintiff-Appellee

BRIAN A. SMITH, Atty. Reg. No. 0083620, 755 White Pond Drive, Suite 403, Akron, Ohio 44320
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

TUCKER, P.J.

**{¶ 1}** Defendant-appellant, Gregory S. Wagner, appeals from his conviction in Miami C.P. No. 2017-CR-525 for one count of gross sexual imposition, in violation of R.C. 2907.05(A)(5), and from his convictions in Miami C.P. No. 2018-CR-406 for six counts of illegal use of a minor in nudity-oriented material, in violation of R.C. 2907.323(A)(1). Wagner entered pleas of no contest in the two cases, and the trial court found him guilty and sentenced him to serve a total of 8 years and 5 months in prison, with the sentences in Case No. 2018-CR-406 to be served consecutively to the sentence in Case No. 2017-CR-525.

**{¶ 2}** Raising three assignments of error, Wagner argues that his convictions should be reversed because the trial court erred by overruling his motions to dismiss the indictments in the two cases on speedy trial grounds; because the trial court failed to make the findings required by R.C. 2929.14(C) for the imposition of consecutive sentences; and because the record otherwise does not support the sentences imposed by the trial court.  We find that the trial court did not err by overruling Wagner's motions to dismiss, that the trial court made the findings required by R.C. 2929.14(C) before ordering that Wagner serve his sentences consecutively, and that the record supports the sentences imposed on Wagner in all other respects.  Therefore, the trial court's judgments are affirmed.

## I. Facts and Procedural History

**{¶ 3}** On August 18, 2017, Wagner was arrested on charges pending against him in Auglaize C.P. No. 2017-CR-95.  He was arraigned later that day, pleaded not guilty by reason of insanity, and moved for a competency evaluation.  The Auglaize County Court of Common Pleas sustained the motion and ordered that Wagner report to the Forensic

Psychiatry Center for Western Ohio on September 21, 2017.   While Wagner was in the Auglaize County Correctional Center, an officer with the Piqua Police Department interviewed him on September 10, 2017, apparently as part of the investigation of one or more of the charges subsequently brought against him in Miami County.

{¶ 4} At a hearing on October 25, 2017, the Auglaize County Court of Common Pleas ordered that Wagner be transferred from the Auglaize County Correctional Center to the Northwest Ohio Psychiatric Hospital for competency restoration.   Five days later, a Miami County grand jury indicted Wagner in Case No. 2017-CR-525, charging him with one count of gross sexual imposition, which is a fourth degree felony pursuant to R.C. 2907.05(A)(5) and (C)(1).   The Miami County Court of Common Pleas issued a warrant on the indictment, although the warrant would not be served until January 2020.

{¶ 5} In an entry filed on March 9, 2018, the Auglaize County Court of Common Pleas seems to have found Wagner competent to stand trial, but it ordered that he be transported from the Auglaize County Correctional Center to the Northwest Ohio Psychiatric Hospital on April 17, 2018, for further evaluation.[1]   The court stayed the case until the evaluation was complete.   Notwithstanding the stay, Wagner's defense counsel filed a motion to suppress on April 4, 2018, and the court set a hearing for May 22, 2018, although the hearing was apparently canceled because Wagner and the State reached a

---

[1] Wagner was conveyed from the Northwest Ohio Psychiatric Hospital to the Auglaize County Correctional Center on March 2, 2018.   Despite some ambiguity in the docket summary regarding the date on which Wagner was formally deemed competent, Wagner confirms in his brief that he was found competent on March 9, 2018.   Appellant's Brief 9. The docket entries from the Auglaize County case have not been added to the record of the instant matter.

plea agreement.[2]   Wagner pleaded guilty to three charges on May 23, 2018, and the court sentenced him to serve a term of 12 months in prison on a conviction for a fifth degree felony, a term of 18 months in prison on a conviction for a fourth degree felony, and a term of 180 days in jail on a conviction for a first degree misdemeanor, with the terms to be served concurrently.

{¶ 6} On July 20, 2018, a Miami County grand jury indicted Wagner in Case No. 2018-CR-406, charging him with six counts of illegal use of a minor in nudity-oriented material, which are second degree felonies pursuant to R.C. 2907.323(A)(1) and (B). The Miami County Court of Common Pleas issued a warrant on the indictment, although the warrant would not be served until January 2020.

{¶ 7} The Auglaize County Sheriff conveyed Wagner from the Auglaize County Correctional Center to the Correctional Reception Center on August 1, 2018.   Wagner was released from the Correctional Reception Center on or about January 31, 2020, and later that day, deputies with the Miami County Sheriff's Office arrested him and served the indictments in Case Nos. 2017-CR-525 and 2018-CR-406.   On February 7, 2020, Wagner moved for a competency evaluation in each of the cases, followed on March 17, 2020, by motions to dismiss.   Wagner argued in the motions that the indictments should be dismissed under R.C. 2945.71 because more than 270 days had passed since the indictments were issued, during which time the State made no attempt to serve him.

{¶ 8} On March 19, 2020, the Miami County Court of Common Pleas found Wagner competent to stand trial, and on April 24, 2020, the court overruled his motions

---

[2] The court did not file an entry reflecting that the stay had been lifted.

to dismiss. Effective May 4, 2020, Wagner entered pleas of no contest in both cases, and on June 9, 2020, the court sentenced him to a term of 17 months in prison in Case No. 2017-CR-525 and to six concurrent terms of seven years in Case No. 2018-CR-406. The court ordered that Wagner serve his terms in Case No. 2018-CR-406 consecutively to his term in Case No. 2017-CR-525, for an aggregate term of 8 years and 5 months. Wagner timely appealed to this court on June 11, 2020.

## II. Analysis

{¶ 9} For his first assignment of error, Wagner contends that:

THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING APPELLANT'S MOTION [sic] TO DISMISS ON SPEEDY TRIAL GROUNDS, IN VIOLATION OF APPELLANT'S RIGHTS UNDER ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

{¶ 10} Wagner argues that the trial court overruled his motions to dismiss as a result of its misapplication of R.C. 2941.401, which mandates that a person against whom "any untried indictment, information or complaint" is pending, while the person is serving "a term of imprisonment in a correctional institution of this state," must be brought to trial within 180 days after the person delivers "written notice of the place of [the person's] imprisonment and a request for a final disposition" to the "court in which the [untried indictment, information or complaint] is pending," and to the prosecuting attorney in that court's jurisdiction. Specifically, Wagner maintains that the trial court erred by applying the statute because, during the term of his imprisonment in the Correctional Reception

Center, "he was not notified of the charges pending against him" in Case Nos. 2017-CR-525 and 2018-CR-406. Appellant's Brief 8. He also faults the trial court for finding that the State's speedy trial time in each case began on the date on which the indictment was issued, rather than March 29, 2017, the date on which he claims he was arrested in Case No. 2017-CR-525. *See id.* at 10. In addition, Wagner argues that the State violated his constitutional right to a speedy trial, regardless of whether the trial court erred in its application of R.C. 2941.401. *See id.* at 11-15.

{¶ 11} The Sixth and Fourteenth Amendments to the United States Constitution, and Article I, Section 10 of the Ohio Constitution, guarantee all criminal defendants the right to a speedy trial. *State v. Gatewood*, 2d Dist. Clark No. 2010-CA-18, 2012-Ohio-202, ¶ 16. Ohio's speedy trial statute, R.C. 2945.71, "was [enacted] to [realize] the constitutional protection of [this] right." *Brecksville v. Cook*, 75 Ohio St.3d 53, 55, 661 N.E.2d 706 (1996); *see also State v. Large*, 2015-Ohio-33, 26 N.E.3d 328, ¶ 10 (2d Dist.).

{¶ 12} On consideration of a defendant's challenge to a conviction based on an alleged violation of the defendant's statutory right to a speedy trial, the standard of review initially entails little more than a count of days pursuant to R.C. 2945.71. *State v. Ellington*, 2d Dist. Montgomery No. 26335, 2015-Ohio-2058, ¶ 12; *see also State v. Stevens*, 8th Dist. Cuyahoga No. 87693, 2006-Ohio-5914, ¶ 32. If a defendant "establishes a prima facie case of a violation of his right to a speedy trial, the burden then shifts to the State" to demonstrate either that the statutory limit was not exceeded, or that the State's time to bring the defendant to trial was properly extended. *See State v. Nichols*, 5th Dist. Richland No. 04 CA 56, 2005-Ohio-1771, ¶ 11, citing *State v. Butcher*, 27 Ohio St.3d 28, 30-31, 500 N.E.2d 1368 (1986).

{¶ 13} The specific provisions of R.C. 2941.401, however, prevail over the general provisions of R.C. 2945.71 in a case in which a defendant is indicted while incarcerated for a previous conviction. *State v. Stewart*, 2d Dist. Montgomery No. 21462, 2006-Ohio-4164, ¶ 21. If a "defendant [has been] imprisoned on a previous conviction," the speedy trial deadline[s] under "R.C. 2945.71 [are] tolled" in favor of the deadline of 180 days under R.C. 2941.401. *Id.* The deadline under R.C. 2941.401 "does not begin to run until the defendant [delivers] written notice of the place of his imprisonment and a request for a final disposition" of the pending indictment, as the statute requires. *Id.*

{¶ 14} Although "statutory and constitutional speedy trial [rights] are [generally] coextensive," the constitutional right, as embodied in the Ohio Constitution and the United States Constitution, "may be broader than the * * * statutory right" in some circumstances. (Citation omitted.) *State v. Kadunc*, 10th Dist. Franklin No. 15AP-920, 2016-Ohio-4637, ¶ 19. To determine whether a defendant's constitutional right to a speedy trial has been violated, a court should apply the four-factor balancing test adopted by the United States Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). *See, e.g.*, *State v. Louis*, 2d Dist. Montgomery No. 27909, 2020-Ohio-951, ¶ 32. The factors include: (1) the length of the delay "between accusation and trial"; (2) the reason for the delay; (3) the defendant's assertion, if any, of his right to a speedy trial; and (4) the prejudice, if any, to the defendant. *Doggett v. United States*, 505 U.S. 647, 651, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992); *State v. Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, 45 N.E.3d 127, ¶ 88.

{¶ 15} A "delay becomes presumptively prejudicial as it approaches one year," and unless the length of the delay "is presumptively prejudicial, there is no necessity for inquiry

into the other factors." *Barker* at 530; *Adams* at ¶ 89-90. None of the factors is controlling because a "balancing test necessarily compels" a court to evaluate an alleged speedy trial violation "on an ad hoc basis," meaning that the court must consider the totality of the circumstances. *Barker* at 530; *State v. Perkins*, 2d Dist. Clark No. 08-CA-0081, 2009-Ohio-3033, ¶ 8.

{¶ 16} In the first part of his argument, Wagner posits that the trial court erred by holding under R.C. 2941.401 that the interval of his incarceration in the Correctional Reception Center, as a result of his conviction in Auglaize County Case No. 2017-CR-95, did not count against the State's time to bring him to trial in Miami County. Appellant's Brief 7-8. Wagner reasons that "R.C. 2941.401 [did] not apply [because] he was not notified of the charges pending against him" in Case Nos. 2017-CR-525 and 2018-CR-406. *Id.* at 8. Wagner's argument lacks merit.

{¶ 17} Rather than "requiring the [S]tate to exercise reasonable diligence to locate an incarcerated defendant," R.C. 2941.401 "places the initial duty on the defendant to cause written notice to be delivered to the prosecuting attorney and the appropriate court" to inform them of the place of his incarceration and to request final disposition of any outstanding charges against him. *See State v. Hairston*, 101 Ohio St.3d 308, 2004-Ohio-969, 804 N.E.2d 471, ¶ 20; *see also State v. Forster*, 2d Dist. Montgomery No. 22472, 2008-Ohio-3709, ¶ 6. The "statute imposes no duty on the [S]tate until * * * the incarcerated defendant provides the statutory notice," and "a warden or prison superintendent has a duty to inform the * * * defendant of [outstanding] charges only when the warden or superintendent has knowledge of such charges." *Hairston* at ¶ 20.

{¶ 18} Wagner tacitly acknowledges that he did not deliver the notice required by

R.C. 2941.401, and he has not shown by reference to the record—or even alleged—that the warden or prison superintendent of the Correctional Reception Center had knowledge of the charges pending against him in Miami County. The State, furthermore, had no duty under R.C. 2941.401 to serve Wagner with the indictments in Case Nos. 2017-CR-525 and 2018-CR-406 during the period of his imprisonment. *See id.* at ¶ 20-22; *State v. Spencer*, 2017-Ohio-456, 84 N.E.3d 106, ¶ 23-25 (7th Dist.). Thus, irrespective of whether Wagner knew about the pending cases in Miami County, we hold that the trial court did not err in determining that the State's speedy trial deadline was tolled pursuant to R.C. 2941.401 during the period of Wagner's imprisonment in the Correctional Reception Center. *Stewart*, 2d Dist. Montgomery No. 21462, 2006-Ohio-4164, at ¶ 21.

**{¶ 19}** Wagner also faults the trial court for finding that the State's speedy trial time in Case Nos. 2017-CR-525 and 2018-CR-406 began on the date on which the indictment in each case was issued, rather than March 29, 2017, the date on which he claims he was arrested in Case No. 2017-CR-525. Appellant's Brief 10. Although Wagner argues that the State's speedy trial time in both cases began on March 29, 2017, he fails to explain why the alleged date of his purported arrest in Case No. 2017-CR-525 should be deemed to have triggered the running of the State's speedy trial time in Case No. 2018-CR-406. *Id.* at 10-11. The indictment in Case No. 2017-CR-525 was issued on October 30, 2017, and the indictment in Case No. 2018-CR-406 was issued on July 20, 2018.

**{¶ 20}** In its decision on Wagner's motions to dismiss, the trial court fixed the dates of Wagner's arrests in the two cases in reliance on R.C. 2945.71(C)(2); the opinion of the Ohio Supreme Court in *State v. Azbell*, 112 Ohio St.3d 300, 2006-Ohio-6552, 859 N.E.2d 532; and this court's opinion in *State v. Bailey*, 141 Ohio App.3d 144, 750 N.E.2d 603 (2d

Dist.2000). Decision Overruling Defendant's Motion to Dismiss 2-3, Apr. 24, 2020 [*hereinafter* Decision]. R.C. 2945.71(C)(2) requires that a "person against whom a charge of felony is pending" be "brought to trial within [270] days after the person's arrest," and in *Azbell*, the Ohio Supreme Court held that "for purposes of calculating speedy-trial time pursuant to R.C. 2945.71(C), a charge is not pending until the accused has been formally charged by a criminal complaint or indictment, is held pending the filing of charges, or is released on bail or recognizance." *Azbell* at ¶ 21.

**{¶ 21}** On the date Wagner was indicted in Miami County Case No. 2017-CR-525, he was incarcerated in the Northwest Ohio Psychiatric Hospital, and on the date he was indicted in Miami County Case No. 2018-CR-406, he was incarcerated in the Auglaize County Correctional Center. Because Wagner was incarcerated while the charges in Miami County were pending, the trial court found that he had been arrested for purposes of R.C. 2945.71(C)(2) on the dates the Miami County indictments were issued. Decision at 3, citing *Bailey* at 147.

**{¶ 22}** Wagner has offered no evidence that he was arrested in connection with any criminal proceeding on March 29, 2017. Regardless, the provisions of R.C. 2945.71 " 'are not triggered by an arrest [if] the arrested person is immediately released without formal charge.' " *See Azbell* at ¶ 19, quoting *United States v. Stead*, 745 F.2d 1170, 1172 (8th Cir.1984). Even assuming for sake of argument that Wagner was arrested on March 29, 2017, in connection with Miami County Case No. 2017-CR-525, he would seem to have been released immediately, given that he was arrested in Auglaize County Case No. 2017-CR-95 on August 18, 2017.

**{¶ 23}** Moreover, "the particular protections of the speedy trial provision of the

Sixth Amendment" are triggered "either [by] a formal indictment or information," or by the imposition of "actual restraints" once an accused is arrested and held "to answer a criminal charge." *See United States v. Marion*, 404 U.S. 307, 320, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971); *Azbell* at ¶ 20-21; *Bailey* at 147. We hold, then, that the trial court correctly determined that Wagner was arrested for purposes of R.C. 2945.71(C) in Miami County Case Nos. 2017-CR-525 and 2018-CR-406 on the dates on which the corresponding indictments were issued, because on those dates, Wagner was incarcerated in connection with the unrelated charges against him in Auglaize County Case No. 2017-CR-95. *See Bailey* at 147.

{¶ 24} In addition, Wagner argues that that the State violated his constitutional right to a speedy trial. The trial court rejected this argument, finding that despite the "substantial" delay from indictment to disposition in Miami County Case Nos. 2017-CR-525 and 2018-CR-406, "much of the delay [was] attributable" to Wagner himself, and regardless, that Wagner "made no showing of prejudice" as a result of the delay. Decision 6.

{¶ 25} The delay from the issuance of the indictment until the entry of Wagner's plea in Case No. 2017-CR-525 was approximately 30 months (October 30, 2017, to May 4, 2020), and the delay in Case No. 2018-CR-406 was approximately 21 months (July 20, 2018, to May 4, 2020). These delays weigh in favor of Wagner and are long enough to be deemed "presumptively prejudicial," which necessitates consideration of the second, third and fourth *Barker* factors. *Barker*, 407 U.S. at 530, 92 S.Ct. 2182, 33 L.Ed.2d 101; *Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, 45 N.E.3d 127, at ¶ 88.

{¶ 26} The delays were attributable mostly to three causes. First, Wagner was

unavailable to stand trial from October 25, 2017, when the Auglaize County Court of Common Pleas deemed him incompetent to stand trial, until March 9, 2018, when the court found that his competency had been restored. Under R.C. 2945.72(B), the State had no obligation to bring Wagner to trial in Miami County from October 25, 2017, until March 9, 2018.

{¶ 27} Second, from March 9, 2018, until August 1, 2018, in Case No. 2017-CR-525, and from July 20, 2018, until August 1, 2018, in Case No. 2018-CR-406, Wagner was incarcerated in the Auglaize County Correctional Center awaiting disposition in Auglaize County Case No. 2017-CR-95. During these two intervals, the State was required under R.C. 2945.72(A) to exercise "reasonable diligence" to secure Wagner's availability for trial in Miami County. *See State v. Wilson*, 2d Dist. Montgomery No. 24577, 2012-Ohio-3098, ¶ 11 (referring to the duty under R.C. 2945.72(A) with respect to an accused who was confined in another state). We concur with the trial court's conclusion that the State's speedy trial time was not tolled during these intervals. The State presented no evidence showing that it exercised reasonable diligence to secure Wagner's availability for trial in Miami County Case Nos. 2017-CR-525 and 2018-CR-406.

{¶ 28} Third, following the disposition of the Auglaize County charges, Wagner was imprisoned in the Correctional Reception Center from August 1, 2018, until January 31, 2020, and during that interval, he failed to demand disposition pursuant to R.C. 2941.401 of the charges pending against him in Miami County. Contrary to Wagner's contention, the State had no duty to notify him of the charges pending in Miami County while he was imprisoned in the Correctional Reception Center. *See* Appellant's Brief 12-13. We find no evidence in the record, for that matter, suggesting that the State acted deliberately to

harm Wagner's defense. Given that the majority of the delays from indictment to disposition in the two cases in Miami County were attributable to Wagner's mental incompetence and to his failure to deliver notice pursuant to R.C. 2941.401, we find that the second *Barker* factor does not weigh in Wagner's favor. *Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, 45 N.E.3d 127, at ¶ 88.

{¶ 29} Regarding the third *Barker* factor, Wagner was arrested in Case Nos. 2017-CR-525 and 2018-CR-406 on January 31, 2020, and he filed his corresponding motions to dismiss on March 17, 2020. *Id.* The 46 days between the arrests and the filing of the motions, though they are not especially long delays, are attributable solely to Wagner. We hold as a result that the third *Barker* factor does not weigh in Wagner's favor.

{¶ 30} Regarding the fourth *Barker* factor, Wagner claims that he "was substantially prejudiced by the delay[s] in bring his case[s] to trial." *Id.*; Appellant's Brief 14. Before the trial court, however, Wagner presented no evidence to show that he was prejudiced by the delays, and apart from indicating that he predicated his motions to dismiss on alleged violations of his constitutional right to speedy trials, he offered no argument or analysis directed to any of the *Barker* factors. In his brief, Wagner maintains that the memories of "[a]ny witnesses [who] could testify on [his] behalf" would "necessarily have * * * fade[d]," including his own memory, but the mere prospect of faded memories is insufficient to establish that he was prejudiced. *Id.* Similarly, Wagner argues that he was prejudiced by " 'the disruption caused by [the] unresolved charges,' " yet to illustrate the purported "disruption," he simply refers again to the unsubstantiated possibility that the delays adversely affected his ability to defend himself. *See id.* at 14-15. In the absence of any evidence that Wagner was prejudiced by the delays, we hold

that the trial court did not err by determining that the State did not violate Wagner's constitutional right to speedy trials in Case Nos. 2017-CR-525 and 2018-CR-406. Wagner's first assignment of error is overruled.

{¶ 31} For his second assignment of error, Wagner contends that:

> THE TRIAL COURT'S SENTENCE [sic] OF APPELLANT WAS CONTRARY TO LAW BECAUSE IT FAILED TO MAKE THE NECESSARY FINDINGS TO IMPOSE CONSECUTIVE SENTENCES UNDER R.C. 2929.14(C)(4).

{¶ 32} Despite the implication of his assignment of error, Wagner essentially concedes that the trial court made the findings required for the imposition of consecutive sentences. *See* Appellant's Brief 17. He argues only that the findings made by the trial court at his sentencing hearing were not accurately memorialized in the corresponding sentencing entries. *See id.* at 18-19.

{¶ 33} On review of a trial court's order requiring an offender to serve terms in prison consecutively, an appellate court may reverse only if it finds, based on clear and convincing evidence, "that the record does not support the trial court's findings" pursuant to R.C. 2929.14(C)(4). *See State v. Dover*, 2d Dist. Clark Nos. 2018-CA-107 & 2018-CA-108, 2019-Ohio-2462, ¶ 8-9. Under the statute, if an offender is convicted of more than one offense and is sentenced to more than one term in prison as a result, the trial court "may require the offender to serve the * * * terms consecutively if [it] finds" that: (1) "consecutive service is necessary to protect the public from future crime" or "to punish the offender" sufficiently; (2) "consecutive [service] [is] not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public"; and (3) one

of the conditions specified in R.C. 2929.14(C)(4)(a)-(c) is applicable.[3]

{¶ 34} At Wagner's sentencing hearing on June 8, 2020, the trial court found that "consecutive sentences as to the two case[s] [were] warranted * * * to protect the public from future crime" and to punish Wagner sufficiently; that "[c]onsecutive sentences [were] not disproportionate to the seriousness of [Wagner]'s conduct and the danger [he] pose[d] to the public"; and in light of his "history of sex offending conduct," that consecutive sentences were appropriate pursuant to R.C. 2929.14(C)(4)(c), which somewhat redundantly authorizes consecutive sentences if the "offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."   Transcript of Sentencing Hearing, 13:22-15:3, June 8, 2020.   Wagner's argument that the trial court failed to make the findings required by R.C. 2929.14(C)(4) at his sentencing hearing is obviously incorrect.

{¶ 35} In its sentencing entries, however, the trial court found that consecutive sentences were necessary to "protect the public from future crime"; that "[c]onsecutive sentences [were] not disproportionate to the seriousness of [Wagner]'s conduct"; and that "[a]t least two of the [several] offenses [in question] were committed as part of a course of conduct," and that "the harm caused by two or more of the * * * offenses * * * was so great or unusual that no single prison term for any of the offenses [would] adequately" reflect the "seriousness of [Wagner]'s conduct."   Entry of Imposition of Sentence 1, June

---

[3] We refer to the version of the statute in effect from March 22, 2019, through April 11, 2021.

9, 2020.[4]    The trial court's rationale, as articulated during Wagner's sentencing hearing, was that consecutive sentences were warranted pursuant to R.C. 2929.14(C)(4)(c), whereas the corresponding sentencing entries appear to indicate that the court imposed consecutive sentences pursuant to R.C. 2929.14(C)(4)(a)-(b).   *Compare* Transcript of Sentencing Hearing 13:22-15:3, *with* Entry of Imposition of Sentence 1.

{¶ 36} Wagner cites our opinion in *State v. Rice*, 2d Dist. Montgomery No. 28572, 2020-Ohio-4404, in support of his argument that the "trial court failed to make the necessary findings to impose consecutive sentences on [him] pursuant to R.C. 2929.14(C)(4)."   Appellant's Brief 17 and 19.   In *Rice*, we quoted an opinion of the Ohio Supreme Court, noting that a trial court " 'is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and [to] incorporate its findings into its sentencing entry.' "   *Rice* at ¶ 37, quoting *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus.   Wagner argues, in reliance on *Rice*, that the inconsistency between the rationale articulated by the trial court during his sentencing hearing and the rationale stated in the court's sentencing entries "renders the * * * court's [imposition] of consecutive sentences * * * contrary to law."   Appellant's Brief 19.

{¶ 37} Here, we find that the record supports the findings made by the trial court at Wagner's sentencing hearing on June 8, 2020, and we hold therefore that the trial court did not fail to make the findings required by R.C. 2929.14(C)(4) for the imposition of consecutive sentences.   Wagner nonetheless argues correctly that the trial court's

---

[4] In Case No. 2018-CR-406, the trial court filed an amended sentencing entry nunc pro tunc on July 23, 2020, although the relevant passages of the original entry and the amended entry are the same.

sentencing entries do not accurately reflect the findings made by the court at his sentencing hearing. As a result, Wagner's second assignment of error is sustained in part, strictly with respect to the trial court's obligation to "incorporate [the] findings [stated for the record at his sentencing hearing] into [its] sentencing entr[ies]." *See Bonnell* at ¶ 28-30; *Rice* at ¶ 37. Otherwise, Wagner's second assignment of error is overruled.

**{¶ 38}** For his third assignment of error, Wagner contends that:

THE RECORD DOES NOT SUPPORT THE TRIAL COURT'S SENTENCE [sic] OF APPELLANT.

**{¶ 39}** Finally, Wagner argues that his sentences were not supported by the record because the trial court did not find that his expression of remorse was genuine, and because the court misconstrued the meaning of the term "organized criminal activity" for purposes of R.C. 2929.13(B)(1)(b). Appellant's Brief 21-22. He believes that lesser sentences were warranted because his "prior criminal history, * * *, suggests a pattern of impulsive behavior," as opposed to participation in coordinated criminal conduct with one or more accomplices. *See id.* at 22.

**{¶ 40}** A "trial court has full discretion to impose any sentence within the authorized statutory range, and [it] is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.), citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus. Even so, the "court must comply with all applicable rules and statutes, including R.C. 2929.11 and R.C. 2929.12." *Id.*, citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 37. On review of a felony sentence, an appellate court may vacate or modify the sentence " 'if it clearly and

convincingly finds' that 'the record does not support the sentencing court's findings' " under "R.C. 2929.13(B) and (D), 2929.14(B)(2)(e) and (C)(4), and 2929.20(I)." *State v. Jones*, Ohio Slip Opinion No. 2020-Ohio-6729, ___ N.E.3d ___, ¶ 28, quoting R.C. 2953.08(G)(2); *State v. Benedict*, 2d Dist. Greene No. 2020-CA-25, 2021-Ohio-966, ¶ 4-5.

**{¶ 41}** Wagner challenges the trial court's finding that he "demonstrate[d] no genuine remorse," notwithstanding his apology for making "some mistakes," which he blamed on internet pornography, and the court's finding that he "was acting in an organized criminal activity." *See* Transcript of Sentencing Hearing 4:25-5:16, 10:9-10:16 and 11:3-11:9. His conviction in Case No. 2017-CR-525 implicated R.C. 2929.13(B)(2), which states that "in determining whether to impose a prison term * * * for a felony of the fourth or fifth degree," the court "shall comply with [R.C.] 2929.11 * * * and with [R.C.] 2929.12." Given that the trial court directly observed Wagner's demeanor, and given further that Wagner characterized himself as a victim, rather than accept personal responsibility for his crimes, the record appears to support the court's finding that Wagner did not demonstrate genuine remorse. *See* R.C. 2929.12(D)-(E); *see also, e.g.*, *State v. Anthony*, 2019-Ohio-5410, 151 N.E.3d 13, ¶ 147-152 (11th Dist.) (holding that a trial court's refusal to accept the sincerity of a defendant's expression of remorse did not "make [the defendant's] felony sentences contrary to law").

**{¶ 42}** The court made the other finding challenged by Wagner, that he "was acting in an organized criminal activity," in connection with Case No. 2018-CR-406, in which Wagner was convicted of second degree felonies. Under R.C. 2953.08(G)(2), the finding—even if incorrect—would not provide a basis to vacate or modify Wagner's

sentences. Consequently, we hold that Wagner has not established a basis pursuant to R.C. 2953.08(G)(2) for vacating or modifying the sentences imposed by the trial court. Wagner's third assignment of error is overruled.

### III. Conclusion

{¶ 43} The trial court did not err in holding that the State did not violate Wagner's statutory and constitutional rights to speedy trials in Case Nos. 2017-CR-525 and 2018-CR-406. For purposes of R.C. 2941.401 and 2945.71-2945.72, the majority of the delays from the issuance of the indictments in the two cases until disposition were not attributable to the State, and Wagner has not demonstrated that he was prejudiced by the delays. Additionally, the trial court did not err by failing to make the findings required for the imposition of consecutive sentences, and the record provides no basis for vacating or modifying the sentences pursuant to R.C. 2953.08(G)(2). Therefore, Wagner's convictions in Miami County Case Nos. 2017-CR-525 and 2018-CR-406 are affirmed.

{¶ 44} This case is, however, remanded to the trial court for the filing of nunc pro tunc amended sentencing entries in Case No. 2017-CR-525 and 2018-CR-406. The amended sentencing entries should reflect that the court imposed consecutive sentences pursuant to R.C. 2929.14(C)(4)(c), as the court indicated during the sentencing hearing on June 8, 2020.

. . . . . . . . . . . . .

HALL, J. and EPLEY, J., concur.

Copies sent to:

Paul M. Watkins
Brian A. Smith
Hon. Jeannine N. Pratt