[Cite as *State v. Johnson*, 2026-Ohio-206.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | |
|---|---|
| STATE OF OHIO : | C.A. No. 30536 |
| Appellee : | |
| : | Trial Court Case No. 2022 CR 00689 |
| v. : | |
| : | (Criminal Appeal from Common Pleas |
| DANZEL LEON JOHNSON : | Court) |
| : | |
| Appellant : | **FINAL JUDGMENT ENTRY &** |
| : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on January 23, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
MICHAEL L. TUCKER, JUDGE

LEWIS, P.J., and HUFFMAN, J., concur.

MONTGOMERY C.A. No. 30536

CHIMA R. EKEH, Attorney for Appellant
ANDREW T. FRENCH, Attorney for Appellee

TUCKER, J.

{¶ 1} Danzel Leon Johnson appeals from his convictions following his no-contest plea to felony charges of aggravated vehicular assault and failure to stop after an accident.

{¶ 2} Johnson challenges the trial court's overruling of his motion to dismiss his indictment on statutory and constitutional speedy trial grounds. Finding no speedy trial violation, we affirm the trial court's judgment.

## I. Background

{¶ 3} On April 30, 2021, an allegedly intoxicated Johnson struck a motorcyclist with his car and fled the scene. He was arrested on May 1, 2021, and released the next day. On May 3, 2021, a misdemeanor complaint was filed charging him with operating a motor vehicle while intoxicated and driving under suspension. The misdemeanor charges were dismissed without prejudice on July 21, 2021. Thereafter, on May 25, 2022, a grand jury indicted Johnson on felony charges of aggravated vehicular assault and failure to stop after an accident as well as six misdemeanors. An arrest warrant was issued the same day. Johnson was arrested on the warrant on July 3, 2023. Following his arraignment, he was released from custody on July 7, 2023, and placed on electronic monitoring.

{¶ 4} Johnson moved to dismiss the indictment on September 28, 2023, alleging a violation of his statutory and constitutional rights to a speedy trial. The trial court overruled the motion on January 31, 2024. Johnson then pleaded no contest to aggravated vehicular assault and failure to stop after an accident in exchange for dismissal of the misdemeanor

charges. The trial court imposed an aggregate sentence of two to three years in prison. This appeal followed.

## II. Analysis

{¶ 5} Johnson's sole assignment of error states:

**THE TRIAL COURT ERRED IN DENYING JOHNSON'S MOTION TO DISCHARGE ON SPEEDY TRIAL GROUNDS.**

{¶ 6} Johnson's statutory speedy trial argument depends on speedy trial time beginning to run on May 25, 2022, when he was indicted on felony charges and an arrest warrant was issued. Contrary to his argument, the trial court held that speedy trial time did not run on the felony indictment until his arrest on July 3, 2023.

{¶ 7} Johnson's constitutional speedy trial argument is premised on speedy trial time running throughout the period between his May 1, 2021 initial arrest, his indictment on May 25, 2022, and his subsequent July 3, 2023 arrest on the indictment.

{¶ 8} In its ruling, the trial court correctly recognized that R.C. 2945.71(C)(2) required Johnson to be tried within 270 days of his arrest subject to adjustments for triple counting or tolling events. It then provided the following computation:

> Here, the Defendant was arrested May 1, 2021 and released May 2, 2021. The day on which the person is arrested is not included in the time computation pursuant to Crim.R. 45(A). For purposes of computing time pursuant to R.C. 2945.71(E), each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three (3) days. As of May 2, 2021, three days of speedy trial time had been used. The Defendant was discharged in Vandalia Municipal Court on May 3, 2021, but the charges were dismissed on July 2, 2021. The time calculations after May 2, 2021 are

3

calculated one for one, as opposed to three for one since the Defendant was no longer in custody. Therefore, the [sic] between May 3, 2021 and July 21, 2021, 80 days of speedy trial time were utilized.

Next, the Defendant was indicted on May 25, 2022 and a warrant was issued for his arrest on the same day. Because the Defendant was not arrested until July 3, 2023, his statutory speedy trial rights were not triggered until that date. The Defendant was released from jail on July 7, 2023. Pursuant to Crim.R. 45(A) and R.C. 2945.71(E), the Defendant used 12 days of statutory speedy trial time (4 days x 3 = 12). After being released from jail, several events occurred. First, two continuances were filed from July 13, through August 3, 2023 and then from August 2, 2023 through August 24, 2023. Seven (7) days elapsed between the Defendant's release from jail and the first continuance. Next a Motion to Dismiss was filed September 28, 2023. The time period between the date of the last continuance and the date the Motion to Dismiss was filed caused 36 days to elapse (8 days in August and 28 days in September = 36). The Court then calculates as follows: 83 days (from 2021) + 12 days (4 x 3 days in jail in July 2023) + 7 days (days until the first filed continuance July 7 – July 13) + 36 days (days elapsed between the end of the last continuance on August 24, 2023 and Motion to Dismiss was filed on September 28, 2023) = 138 days.

Because Defendant is subject to the speedy trial time period required for the highest degree of the offense charged, the State has 270 days to bring the Defendant to trial pursuant to R.C. 2945.71(D) because the Defendant's highest charge is Aggravated Vehicular Assault, a felony of the second

4

degree. Thus, 270 – 138 = 132 days of speedy trial time remains. Therefore, the Court overrules the Defendant's Motion to Dismiss as it pertains to his alleged violation of statutory speedy trial rights.

{¶ 9} On appeal, Johnson challenges the trial court's determination that no statutory speedy trial time ran between the July 21, 2021 dismissal of the misdemeanor charges and his July 3, 2023 arrest on the felony indictment. He contends speedy trial time began running when the indictment and arrest warrant were issued on May 25, 2022, not when he was arrested more than a year later. He asserts that the State knew his name, date of birth, Social Security number, and address when the indictment and warrant were issued. He reasons that the State could have found him and that speedy trial time should have commenced upon the filing of the indictment and arrest warrant.

{¶ 10} Upon review, we find Johnson's statutory speedy trial argument to be unpersuasive. The time between a dismissal without prejudice of original charges and a subsequent indictment based on the same facts is not counted for speedy trial purposes unless a defendant is held in jail or released on bond. *State v. Azbell*, 2006-Ohio-6552, ¶ 17. Moreover, speedy trial time does not commence upon the filing of new charges. Instead, "it begins to run when the defendant is arrested or receives service of summons on the new charge[s]." *State v. Radabaugh*, 2007-Ohio-153, ¶ 12 (4th Dist.). Therefore, the trial court correctly declined to count any speedy trial time between dismissal of the misdemeanor charges and Johnson's July 3, 2023 arrest on the felony indictment. Excluding that time, his statutory speedy trial argument fails.

{¶ 11} The constitutional speedy trial issue requires a different analysis. Although statutory and constitutional speedy trial rights generally are coextensive, the constitutional guarantees may be broader in some cases and therefore must be analyzed separately. *State*

5

*v. Knott*, 2024-Ohio-2289, ¶ 19 (2d Dist.). "To determine whether a defendant's constitutional right to a speedy trial has been violated, a court should apply the four-factor balancing test adopted by the United States Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182, 33 L.Ed.2d 101 (1972)." *State v. Wagner*, 2021-Ohio-1671, ¶ 14 (2d Dist.). "The factors include: (1) the length of the delay 'between accusation and trial'; (2) the reason for the delay; (3) the defendant's assertion, if any, of his right to a speedy trial; and (4) the prejudice, if any, to the defendant." *Id*., citing *Doggett v. United States*, 505 U.S. 647, 651 (1992), and *State v. Adams*, 2015-Ohio-3954, ¶ 88.

{¶ 12} "None of the factors is controlling because a 'balancing test necessarily compels' a court to evaluate an alleged speedy trial violation 'on an ad hoc basis,' meaning that the court must consider the totality of the circumstances." *Id*. at ¶ 15, quoting *Barker* at 530. However, "the length of the delay is a particularly important factor as it 'is to some extent a triggering mechanism.'" *State v. Lee*, 2024-Ohio-1802, ¶ 9 (2d Dist.), quoting *Barker* at 530. "Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance.'" *Id*., quoting *Barker* at 530. "The length of delay becomes presumptively prejudicial as it approaches one year in length." *Id*., citing *Doggett* at 652, fn. 1.

{¶ 13} When evaluating the reasons for delay, "[o]nly the portion of the delay which is attributed to the government's neglect is to be weighed in a defendant's favor." *State v. Triplett*, 78 Ohio St.3d 566, 569 (1997), citing *Doggett* at 658. "Deliberate dilatory acts are weighted heavily against the state, while negligent acts are weighted less heavily against the state." *State v. Duncan*, 2021-Ohio-3229, ¶ 16 (1st Dist.), citing *Barker* at 531. "[I]ntertwined within this *Barker* analysis is whether the defendant shares any responsibility for the delay." *State v. Rentas*, 2022-Ohio-2412, ¶ 32 (8th Dist.), citing *Triplett* at 570.

6

{¶ 14} Regarding a defendant's assertion of his right to a speedy trial, "'[i]t is well established under our law that the right to a speedy trial conferred by the Constitution is not self-executing.'" *State v. Perkins*, 2009-Ohio-3033, ¶ 12 (2d Dist.), quoting *Partsch v. Haskins*, 175 Ohio St. 139, 140 (1963). "'Affirmative action on the part of an accused in the nature of a demand to be tried is necessary to invoke the protection of the Constitution. . . . In other words, there can be no denial where there has been no demand.'" *Id*., quoting *Partsch* at 140.

{¶ 15} Finally, prejudice "should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect." *Barker*, 407 U.S. at 532. These interests are: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Id*. The third interest is "the most serious . . . because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Id*.

{¶ 16} Here the trial court properly analyzed the foregoing factors. Regarding the first one, it found a delay of more than one year "between the Defendant's initial arrest in May 2021 to his indictment in May of 2022 and his subsequent arrest in July of 2023." Based on that delay, the trial court found presumptive prejudice sufficient to trigger analysis of the other factors. Regarding reasons for the delay, the trial court attributed the pre-indictment delay to the COVID pandemic and the need for law-enforcement officers to complete a thorough investigation of the crash. As for post-indictment delay in locating and arresting Johnson, the trial court recognized that the State made no effort to find him after his indictment. Based on testimony presented at a hearing on his motion, the trial court attributed this inaction to negligence rather a deliberate attempt to delay the proceedings. The trial court found that this factor was relatively neutral, not weighing strongly in either

party's favor. As for the third factor, the trial court found that it weighed in Johnson's favor, as he timely had asserted his right to a speedy trial. Finally, the trial court found no actual prejudice due to delay. It noted that Johnson did not testify at the hearing on his motion and that he presented no evidence of prejudice. The trial court observed "that the entirety of the crash investigation, including physical evidence, witnesses, witness statements, blood evidence, photographs, and the vehicles are still readily available for trial." As a result, it held that the fourth factor did not weigh in Johnson's favor. After considering the totality of the circumstances, the trial court found no constitutional speedy trial violation.

{¶ 17} Our "[r]eview of a speedy-trial claim involves a mixed question of law and fact. Therefore, we defer to the trial court's factual findings if they are supported by competent, credible evidence, but we review the application of the law to those facts de novo." *State v. Long*, 2020-Ohio-5363, ¶ 15, citing *State v. Barnes*, 2008-Ohio-5472, ¶ 17 (8th Dist.). "De novo review requires an 'independent review of the trial court's decision without any deference to the trial court's determination.'" *State v. Clay*, 2016-Ohio-424, ¶ 5 (2d Dist.), quoting *Jackson v. Internatl. Fiber*, 2006-Ohio-5799, ¶ 17 (2d Dist.).

{¶ 18} On appeal, Johnson agrees with the trial court's finding of presumptive prejudice sufficient to trigger analysis of the other factors. He contends that the trial court erred, however, in failing to weigh the reasons for the delay more strongly in his favor. He asserts that testimony at the hearing on his motion did not compel a finding that the pre-indictment delay was attributable to COVID or an ongoing investigation. As for the post-indictment delay in arresting him, he argues that his whereabouts easily could have been determined. Regarding assertion of his right to a speedy trial, Johnson agrees with the trial court's finding that he timely asserted that right. As for the final factor, prejudice to the interests that the speedy trial requirement was designed to protect, Johnson alleges that he

8

suffered personal anxiety and concern and that his ability to mount a defense was impaired. He claims actual prejudice is not always required where the delay is particularly lengthy.

{¶ 19} Upon review, we see no error in the trial court's constitutional speedy trial analysis. Regarding the roughly one-year delay between the April 30, 2021 incident and Johnson's indictment on May 25, 2022, an evidence technician testified about the need to wait for lab test results. The trial court correctly noted the existence of a widely recognized backlog caused by the COVID pandemic. The pre-indictment delay here also is less troubling because such delay typically does not create a speedy trial issue. *State v. Ellis*, 1997 WL 282313, *3 (2d Dist. May 30, 1997). "Speedy trial issues include (1) undue and oppressive incarceration prior to trial, (2) anxiety and concern accompanying public accusation, and (3) the possibility that the long delay will impair the ability of the accused to defend himself. Preindictment delay does not affect these issues because the first two, incarceration and public accusation, do not arise, and the third is safeguarded by the statute of limitations. Only post-indictment delay raises speedy trial issues." (Citation omitted.) *Id*. Pre-indictment delay not exceeding the applicable statute of limitations is non-prejudicial absent specific evidence to the contrary. *State v. Sherrer*, 2016-Ohio-3198, ¶ 15-16 (2d Dist.).

{¶ 20} As for the post-indictment delay in locating and arresting Johnson, the record supports the trial court's finding that it was attributable to governmental negligence rather than a deliberate attempt to delay proceedings. The trial court nevertheless recognized that "the ultimate responsibility" rested with the government to locate Johnson. In our view, the post-indictment delay attributable to governmental negligence weighed somewhat in his favor.

{¶ 21} As for the final factor, we are unpersuaded by Johnson's prejudice arguments. He did not testify at the hearing and presented no evidence of actual prejudice, including any personal anxiety. It is not apparent that he even knew about the May 25, 2022 indictment until his arrest in July 2023. Johnson also failed to establish any reasonable possibility that his defense would be impaired due to the delay at issue. On the other hand, testimony from the hearing on his motion supported the trial court's determination that everything related to the crash investigation remained available for trial.

{¶ 22} Although proof of actual prejudice is not always required, cases dispensing with the need to demonstrate prejudice typically involve "exceedingly long" delays much greater than one year. *See, e.g.*, *State v. Bailey*, 2005-Ohio-5506, ¶ 19-21 (2d Dist.) (finding no speedy trial violation without actual prejudice where the delay between the defendant's indictment and arrest was 17 months). "[W]here delay attributable to the negligence of the State is more than one year (i.e., "presumptively prejudicial" under the first *Barker* factor) but not exceedingly long like the eight-and-one-half years at issue in *Doggett*, courts sometimes decline to find a speedy trial violation absent actual prejudice to the defendant." *Id*. at ¶ 19.

{¶ 23} Here the pre-indictment delay was neither particularly lengthy nor troubling, as it was well within the applicable statute of limitations. The post-indictment delay attributable to governmental negligence was only a little over a year. Under these circumstances, we see no violation of Johnson's constitutional right to a speedy trial absent a showing of particularized prejudice.

{¶ 24} Johnson's assignment of error is overruled.

### III. Conclusion

{¶ 25} The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

LEWIS, P.J., and HUFFMAN, J., concur.